UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PROGRESSIVE PLAN ADMINISTRATORS, INC., and
USI INSURANCE SERVICES LLC,                                        Docket No. 08-CV-2488 (AKH)(KNF)

                                   Plaintiffs,

                                                                  **VERIFIED ANSWER**

                    v.

WILLIAM J. HUEBER, KINLOCH HOLDINGS, INC.,                         ECF Case
GENATT ASSOCIATES, INC., and KINLOCH
CONSULTING GROUP, INC.,

                                   Defendants.
------------------------------------------------------------------x
                                 <u>**ANSWER**</u>

       Defendant William J. Hueber, by his attorneys Fensterstock & Partners LLP, as and for his

Answer to Plaintiffs' Complaint, responds as follows:

                           **NATURE OF THE ACTION**

       1.      Denies the truth of each and every allegation contained in paragraph "1" of the

Complaint.

                                   **PARTIES**

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Complaint.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Complaint.

       4.      Denies the truth of each and every allegation contained in paragraph "4" of the

Complaint, except admits that Hueber is a resident of West Islip, is a former employee of USI

Insurance Services LLP, and is now an employee of Kinloch Consulting Group.

       5.      Admits the allegations contained in paragraph "5" of the Complaint.

6.    Admits the allegations contained in paragraph "6" of the Complaint.

7.    Admits the allegations contained in paragraph "7" of the Complaint.

## JURISDICTION AND VENUE

8.    Denies the truth of each and every allegation contained in paragraph "8" of the Complaint and respectfully refers all questions of law to the Court.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and respectfully refers all questions of law to the Court.

10.    Denies the truth of each and every allegation contained in paragraph "10" of the Complaint and respectfully refers all questions of law to the Court.

## FACTUAL BACKGROUND

**The Business of USI Companies**

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

**The Role of Producers**

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.    Denies the truth of each and every allegation contained in paragraph "15" of the

2

Complaint and respectfully refers all questions of law to the Court.

**Hueber Employment with USI**

16.    Admits the allegations contained in paragraph "16" of the Complaint.

17.    Denies the truth of each and every allegation contained in paragraph "17" of the Complaint.

18.    Denies the truth of each and every allegation contained in paragraph "18" of the Complaint and allows the contents of the document to speak for itself.

19.    Denies the truth of each and every allegation contained in paragraph "19" of the Complaint and allows the contents of the document to speak for itself and respectfully refers all questions of law to the Court.

20.    Denies the truth of each and every allegation contained in paragraph "20" of the Complaint and allows the contents of the document to speak for itself and respectfully refers all questions of law to the Court.

21.    Denies the truth of each and every allegation contained in paragraph "21" of the Complaint and allows the contents of the document to speak for itself.

22.    Denies the truth of each and every allegation contained in paragraph "22" of the Complaint and allows the contents of the document to speak for itself and respectfully refers all questions of law to the Court.

23.    Denies the truth of each and every allegation contained in paragraph "23" of the Complaint and allows the contents of the document to speak for itself and respectfully refers all questions of law to the Court.

24.    Denies the truth of each and every allegation contained in paragraph "24" of the

Complaint and allows the contents of the document to speak for itself and respectfully refers all questions of law to the Court.

25.    Denies the truth of each and every allegation contained in paragraph "25" of the Complaint and respectfully refers all questions of law to the Court.

26.    Denies the truth of each and every allegation contained in paragraph "26" of the Complaint, except admits that Hueber was an at-will employee and respectfully refers all questions of law to the Court.

27.    Denies the truth of each and every allegation contained in paragraph "27" of the Complaint and allows the contents of the document to speak for itself.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint, and respectfully refers all questions of law to the Court.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint, and respectfully refers all questions of law to the Court.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint, and respectfully refers all questions of law to the Court.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, and respectfully refers all questions of law to the Court.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the

4

allegations contained in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.     Denies the truth of each and every allegation contained in paragraph "38" of the Complaint and respectfully refers all questions of law to the Court.

39.     Denies the truth of each and every allegation contained in paragraph "39" of the Complaint.

**Hueber Termination of Employment with USI**

40.     Denies the truth of each and every allegation contained in paragraph "40" of the Complaint, except admits that on July 5, 2007, Hueber submitted a letter of voluntary resignation.

41.     Admits the allegations contained in paragraph "41" of the Complaint.

42.     Admits the allegations contained in paragraph "42" of the Complaint.

43.     Denies the truth of each and every allegation contained in paragraph "43" of the Complaint.

5

44.    Denies the truth of each and every allegation contained in paragraph "44" of the Complaint.

**Hueber Illegal Activities at USI Prior to Termination of Employment**

45.    Denies the truth of each and every allegation contained in paragraph "45" of the Complaint.

46.    Denies the truth of each and every allegation contained in paragraph "46" of the Complaint.

47.    Denies the truth of each and every allegation contained in paragraph "47" of the Complaint.

48.    Denies the truth of each and every allegation contained in paragraph "48" of the Complaint.

**USI Engages Vendor for Technical Assistance and Analysis**

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52.    Denies the truth of each and every allegation contained in paragraph "52" of the Complaint.

53.    Denies the truth of each and every allegation contained in paragraph "53" of the Complaint.

54.     Denies the truth of each and every allegation contained in paragraph "54" of the Complaint.

55.     Denies the truth of each and every allegation contained in paragraph "55" of the Complaint.

56.     Denies the truth of each and every allegation contained in paragraph "56" of the Complaint.

57.     Denies the truth of each and every allegation contained in paragraph "57" of the Complaint.

58.     Denies the truth of each and every allegation contained in paragraph "58" of the Complaint.

59.     Denies the truth of each and every allegation contained in paragraph "59" of the Complaint.

60.     Denies the truth of each and every allegation contained in paragraph "60" of the Complaint.

**USI's Communications with Hueber about his Post-Employment Obligations**

61.     Denies the truth of each and every allegation contained in paragraph "61" of the Complaint, except admits that Holland & Knight LLP sent a letter to Hueber dated August 13, 2007.

62.     Admits the allegations contained in paragraph "62" of the Complaint.

63.     Denies the truth of each and every allegation contained in paragraph "63" of the Complaint, except admits that Holland & Knight LLP sent a letter to Hueber dated September 13, 2007.

64.     Denies the truth of each and every allegation contained in paragraph "64" of the

Complaint, except admits that Hueber sent a letter dated October 25, 2007.

65.    Denies the truth of each and every allegation contained in paragraph "65" of the Complaint, except admits that Holland & Knight LLP wrote a letter to Hueber dated November 16, 2007.

66.    Admits the allegations contained in paragraph "66" of the Complaint.

67.    Denies the truth of each and every allegation contained in paragraph "76" of the Complaint, except admits Holland & Knight LLP sent a letter to Hueber dated January 8, 2008.

**Hueber Breached the Non-Solicitation and Non-Disclosure Agreement**

68.    Denies the truth of each and every allegation contained in paragraph "68" of the Complaint, except admits that Hueber resigned from his position at USI.

69.    Admits the allegations contained in paragraph "69" of the Complaint.

70.    Denies the truth of each and every allegation contained in paragraph "70" of the Complaint.

71.    Denies the truth of each and every allegation contained in paragraph "71" of the Complaint, except admits that Hueber provided services to Radian.

72.    Denies the truth of each and every allegation contained in paragraph "72" of the Complaint.

73.    Denies the truth of each and every allegation contained in paragraph "71" of the Complaint, except admits that Hueber provided services to ABC Home Furnishings.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "75" of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

77.    Denies the truth of each and every allegation contained in paragraph "77" of the Complaint.

78.    Denies the truth of each and every allegation contained in paragraph "78" of the Complaint.

79.    Denies the truth of each and every allegation contained in paragraph "79" of the Complaint, except admits that Hueber provided services to ABC Carpet & Home.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82.    Denies the truth of each and every allegation contained in paragraph "82" of the Complaint.

83.    Denies the truth of each and every allegation contained in paragraph "83" of the Complaint.

84.    Denies the truth of each and every allegation contained in paragraph "84" of the Complaint.

85.    Denies the truth of each and every allegation contained in paragraph "85" of the Complaint.

86.    Denies the truth of each and every allegation contained in paragraph "86" of the

Complaint.

87.     Denies the truth of each and every allegation contained in paragraph "87" of the

Complaint.

### FIRST CAUSE OF ACTION - VIOLATION OF COMPUTER FRAUD
### AND ABUSE ACT 18 U.S.C. § 1030 (A)(2)©
### (Defendant Hueber)

88.     Defendant repeats and reiterates each and every response to paragraphs "1" through

"87" of the Complaint, as if each were set forth at length herein.

89.     Denies the truth of each and every allegation contained in paragraph "89" of the

Complaint.

90.     Denies the truth of each and every allegation contained in paragraph "90" of the

Complaint.

91.     Denies the truth of each and every allegation contained in paragraph "91" of the

Complaint.

92.     Denies the truth of each and every allegation contained in paragraph "92" of the

Complaint.

93.     Denies the truth of each and every allegation contained in paragraph "93" of the

Complaint.

94.     Denies the truth of each and every allegation contained in paragraph "94" of the

Complaint.

### SECOND CAUSE OF ACTION - VIOLATION OF COMPUTER FRAUD
### AND ABUSE ACT 18 U.S.C. § 1030 (a)(4)
### (Defendant Hueber)

95.     Defendant repeats and reiterates each and every response to paragraphs "1" through

"94" of the Complaint, as if each were set forth at length herein.

96.    Denies the truth of each and every allegation contained in paragraph "96" of the Complaint.

97.    Denies the truth of each and every allegation contained in paragraph "97" of the Complaint.

98.    Denies the truth of each and every allegation contained in paragraph "98" of the Complaint.

99.    Denies the truth of each and every allegation contained in paragraph "99" of the Complaint.

100.    Denies the truth of each and every allegation contained in paragraph "100" of the Complaint.

### THIRD CAUSE OF ACTION – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § 1030 (a)(5) (Defendant Hueber)

101.    Defendant repeats and reiterates each and every response to paragraphs "1" through "100" of the Complaint, as if each were set forth at length herein.

102.    Denies the truth of each and every allegation contained in paragraph "102" of the Complaint.

103.    Denies the truth of each and every allegation contained in paragraph "103" of the Complaint.

104.    Denies the truth of each and every allegation contained in paragraph "104" of the Complaint.

105.    Denies the truth of each and every allegation contained in paragraph "105" of the

11

Complaint.

106.    Denies the truth of each and every allegation contained in paragraph "106" of the

Complaint.

107.    Denies the truth of each and every allegation contained in paragraph "107" of the

Complaint.

## FOURTH CAUSE OF ACTION – BREACH OF CONTRACT
## NON-SOLICITATION AND NON-DISCLOSURE AGREEMENT
### (Defendant Hueber)

108.    Defendant repeats and reiterates each and every response to paragraphs "1" through

"107" of the Complaint, as if each were set forth at length herein.

109.    Denies the truth of each and every allegation contained in paragraph "109" of the

Complaint.

110.    Denies the truth of each and every allegation contained in paragraph "110" of the

Complaint.

111.    Denies the truth of each and every allegation contained in paragraph "111" of the

Complaint.

112.    Denies the truth of each and every allegation contained in paragraph "112" of the

Complaint.

113.    Denies the truth of each and every allegation contained in paragraph "113" of the

Complaint.

114.    Denies the truth of each and every allegation contained in paragraph "114" of the

Complaint.

115.    Denies the truth of each and every allegation contained in paragraph "115" of the

Complaint.

### FIFTH CAUSE OF ACTION – BREACH OF DUTY LOYALTY
### (Defendants Hueber)

116.    Defendant repeats and reiterates each and every response to paragraphs "1" through "115" of the Complaint, as if each were set forth at length herein.

117.    Denies the truth of each and every allegation contained in paragraph "117" of the Complaint.

118.    Denies the truth of each and every allegation contained in paragraph "118" of the Complaint.

119.    Denies the truth of each and every allegation contained in paragraph "119" of the Complaint.

120.    Denies the truth of each and every allegation contained in paragraph "120" of the Complaint.

121.    Denies the truth of each and every allegation contained in paragraph "121" of the Complaint.

### SIXTH CAUSE OF ACTION – UNFAIR COMPETITION
### (Defendants Hueber, Kinloch, Genatt and Consulting)

122.    Defendant repeats and reiterates each and every response to paragraphs "1" through "121" of the Complaint, as if each were set forth at length herein.

123.    Denies the truth of each and every allegation contained in paragraph "123" of the Complaint.

124.    Denies the truth of each and every allegation contained in paragraph "124" of the Complaint.

13

125.    Denies the truth of each and every allegation contained in paragraph "125" of the Complaint.

126.    Denies the truth of each and every allegation contained in paragraph "126" of the Complaint.

127.    Denies the truth of each and every allegation contained in paragraph "127" of the Complaint.

**SEVENTH CAUSE OF ACTION - TORTIOUS INTERFERENCE WITH
PROSPECTIVE ECONOMIC ADVANTAGE
(Defendants Kinloch, Genatt and Consulting)**

128.    Defendant repeats and reiterates each and every response to paragraphs "1" through "127" of the Complaint, as if each were set forth at length verbatim herein.

129.    Denies the truth of each and every allegation contained in paragraph "129" of the Complaint.

130.    Denies the truth of each and every allegation contained in paragraph "130" of the Complaint.

131.    Denies the truth of each and every allegation contained in paragraph "131" of the Complaint.

132.    Denies the truth of each and every allegation contained in paragraph "132" of the Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

133.    The Complaint fails to state a cause of action upon which relief may be granted.

14

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

134.    Any damages sustained by Plaintiffs were a result of the acts or omissions of third persons or entities over which the answering defendant exercised no control.

## AS AND FOR THIRD AFFIRMATIVE DEFENSE

135.    By virtue of their own respective acts, Plaintiffs are estopped from recovering for their alleged damages.

## AS AND FOR FOURTH AFFIRMATIVE DEFENSE

136.    Plaintiffs' complaint must be dismissed pursuant to the doctrines of waiver and ratification.

## AS AND FOR FIFTH AFFIRMATIVE DEFENSE

137.    Plaintiffs have failed to join all necessary parties to this action.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

138.    Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

139.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

140.    Plaintiffs have failed to mitigate any damages they may have sustained as a result of the matters alleged in the Complaint.

## AS AND FOR NINTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' action may be adequately remedied by monetary damages and, therefore, equitable relief is inappropriate.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' claims have not been stated with particularity and must be dismissed.

## AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

143.    Plaintiffs' action is based purely upon speculation and conjecture and was brought in bad faith.

## AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

144.    The restrictive covenants contained within Sections 2 and 3 of the Non-Solicitation and Non-Disclosure Agreement ("NSDA") are unenforceable.

## AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

145.    The restrictive covenants within the USI Employee Handbook, including policies on Confidential Information and Electronic Information Systems ("EIS"), including Appendix I, are unenforceable.

## AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

146.    The restrictive covenants and policies within the USI Code of Business Conduct are unenforceable.

## AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE

146.    The definition of "Confidential Information" as contained with the NSDA, Employee Handbook, EIS Policy, and USI Code of Business Conduct is overly broad, vague and unenforceable and therefore, does not serve as a proper foundation for Plaintiffs' action.

## AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE

147.    Defendant has not taken, used or disclosed Plaintiffs' confidential information or trade secrets, or improperly solicited Plaintiffs' clients.

16

**WHEREFORE**, answering Defendant William J. Hueber demands judgment dismissing the

Complaint on all causes of action, together with attorneys fees and the costs and disbursements of

this action.

Dated: New York, New York
      April 14, 2008

                                  FENSTERSTOCK & PARTNERS LLP

By:

                                    Blair C. Fensterstock
                                    Jeanne M. Valentine

                                    30 Wall Street, 9th Floor
                                    New York, New York 10005
                                    Telephone:  (212) 785-4100

                                    *Attorneys for Defendant William J. Hueber*

17

## VERIFICATION

STATE OF NEW YORK        )
                         )        ss.:
COUNTY OF SUFFOLK        )

WILLIAM J. HUEBER, being duly sworn, deposes and says:

I am the defendant in this action. I have read the foregoing Answer to Plaintiffs' Complaint and know the contents thereof. The Answer is true to my knowledge except as to those matters alleged upon information and belief and as to those matters I believe them to be true.

_____
WILLIAM J. HUEBER

Sworn to before me this
14th day of April, 2008

_____
Notary Public

**Dora Lorenzo**
Notary Public, State of New York
No. 4781068
Qualified In Suffolk County
Term Expires April 30, 2011

18