UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PROGRESSIVE PLAN ADMINISTRATORS, INC.,
and USI INSURANCE SERVICES LLC,

                                   Plaintiffs,

                    v.

WILLIAM J. HUEBER, KINLOCH HOLDINGS, INC.,
GENATT ASSOCIATES, INC., and KINLOCH
CONSULTING GROUP, INC.,

                                 Defendants.
-------------------------------------------------------------------x

Case No.
08 Civ. 2488 (AKH)(KNF)

ECF CASE

# MEMORANDUM OF LAW OF DEFENDANTS KINLOCH HOLDINGS, INC., GENATT ASSOCIATES, INC., AND KINLOCH CONSULTING GROUP, INC., IN SUPPORT OF THEIR MOTION TO DISMISS

FENSTERSTOCK & PARTNERS LLP
*Attorneys for Defendants*
30 Wall Street, Ninth Floor
New York, New York 10005
(212) 785-4100

**TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES ................................................ ii

PRELIMINARY STATEMENT .............................................. 1

STATEMENT OF FACTS ................................................. 1

ARGUMENT ........................................................... 4

    POINT I

    PLAINTIFFS HAVE FAILED TO SET FORTH
    A CAUSE OF ACTION FOR UNFAIR COMPETITION
    AGAINST THE CORPORATE DEFENDANTS ............................... 4

    POINT II

    PLAINTIFFS HAVE FAILED TO SET FORTH
    A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE
    WITH PROSPECTIVE ECONOMIC ADVANTAGE
    AGAINST THE CORPORATE DEFENDANTS ............................... 7

CONCLUSION ......................................................... 11

# TABLE OF AUTHORITIES

**Page No.**

**Federal Cases**

*Astroworks, Inc. v. Astroexhibit, Inc.*,
    257 F. Supp. 2d 609 (S.D.N.Y 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp.*,
    166 F. Supp. 2d 891 (S.D.N.Y 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Czech Beer Imp., Inc. v. C. Haven Imp., LLC.*,
    No. 04 Civ. 2270(RCC), 2005 WL 1490097 (S.D.N.Y. June 23, 2005) . . . . . . . . . . . . . 6

*Data Broad. Corp. v. Tele-Communications, Inc.*,
    No. 92 Civ. 4840 (JFK), 1992 WL 350624 (S.D.N.Y. Nov. 19, 1992) . . . . . . . . . . . . . . 5

*Dillion v. U.S. Postal Serv.*,
    94 CIV. 3187 (SAS), 1995 WL 447789 (S.D.N.Y. July 28, 1995) . . . . . . . . . . . . . . . . 8

*Envirosource, Inc. v. Horsehead Resource Dev. Co., Inc.*,
    No. 95 CIV 5106, 1996 WL 363091 (S.D.N.Y. July 1, 1996). . . . . . . . . . . . . . . . . . . . 11

*Garland-Sash v. Lewis*,
    No. 05 Civ. 6827(WHP), 2007 WL 935013 (S.D.N.Y. March 26, 2007) . . . . . . . . . . . 4

*Knight-McConnell v. Cummins*,
    No. 03 Civ. 5035 (NRB), 2004 WL 1713824 (S.D.N.Y. July 29, 2004) . . . . . . . . . . . . 10

*P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*,
    198 F. Supp. 2d 466 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*PKG Group, LLC v. Gamma Croma, S.p.A.*,
    446 F. Supp. 2d 249 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Strapex Corp. v. Metaverpa N.V.*,
    607 F. Supp. 1047 (S.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## TABLE OF AUTHORITIES
*Continued*

**Page No.**

**New York State Cases**

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*,
    406 N.E.2d 445, 50 N.Y.2d 183 (N.Y. 1980) ................................. 9

*LoPresti v. Massachusetts Life Ins. Co.*,
    820 N.Y.S.2d 275, 30 A.D.3d 474 (2d Dep't 2006) ............................ 9

*Polar Int'l Brokerage Corp. v. Richman*,
    737 N.Y.S.2d 79, 291 A.D.2d 219(1st Dep't 2002) ........................... 9

*Ulico Cas. Co. v. Wilson, Moskowitz, Edelman & Dicker*,
    843 N.Y.S.2d 749, 16 Misc. 3d 1051 (N.Y. Sup. 2007) ..................... 7, 10

*Vigoda v. DCA Prod. Plus Inc.*,
    741 N.Y.S.2d 20, 293 A.D.2d 265  (1st Dep't 2002) .......................... 9

## PRELIMINARY STATEMENT

Defendants Kinloch Holdings, Inc., Genatt Associates, Inc., and Kinloch Consulting Group, Inc. (hereinafter referred to collectively as "the Corporate Defendants")[1] respectfully submit this Memorandum of Law, together with the Affidavit of Blair C. Fensterstock (the "Fensterstock Aff.") and the exhibits annexed thereto, in support of their Motion to Dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A copy of Plaintiffs' Complaint is annexed to the Fensterstock Aff. as Exh. 1.

The Complaint alleges various acts of wrongdoing against Individual Defendant William J. Hueber solely in connection with his previous employment at Plaintiff USI Insurance Services LLC ("USI"). With no basis in law or fact, USI attempts to impugn liability upon Mr. Hueber's current employer and its affiliates (the Corporate Defendants) for occurrences which took place during Mr. Hueber's employment with USI and before Mr. Hueber's employment with the Corporate Defendants. The Complaint contains no allegations of wrongdoing against any party but Mr. Hueber.

Because the Complaint fails to allege any acts of wrongdoing against the Corporate Defendants, Plaintiffs' Sixth Cause of Action for Unfair Competition and Seventh Cause of Action for Tortious Interference with Prospective Economic Advantage should be dismissed.

## STATEMENT OF FACTS

Plaintiff USI is a wholly owned subsidiary of non-party USI Holdings Corporation.[2]

---

[1] Individual Defendant William J. Hueber has submitted an Answer and is not presently seeking a dismissal of the claims against him.

[2] The Complaint fails to make any connection between Plaintiff Progressive Plan Administrators, Inc. ("PPA") and USI, or with any of the Defendants. It is completely unclear as to why PPA is named in this action.

1

Compl. at ¶ 3. Non-party USI Holdings Corporation, along with its subsidiaries, are related entities functioning as a diversified insurance and financial services firm. Compl. at ¶ 11. Non-party USI Holdings Corporation has more than 60 offices in 18 states and more than 3,000 employees. *Id.*

From October 7, 2002 through July 5, 2007, individual defendant William J. Hueber was employed by USI as a Producer. Compl. at ¶ 16,41. While employed at USI, it is alleged that Mr. Hueber signed a Non-Solicitation and Non-Disclosure Agreement ("NSDA"). Compl. at ¶¶ 18-24. It is further alleged that Mr. Hueber was bound by provisions contained within an Employee Handbook and Code of Business Conduct concerning prohibitions against the use of USI Confidential Information. Compl. at ¶¶ 26-31.

Between October 19, 2004 and May 14, 2007, USI is alleged to have issued three "document preservation notices" to all employees, including Mr. Hueber, in connection with an on-going investigation by the New York State Attorney General concerning certain practices in the insurance industry, and in compliance with an Order for Preservation of Documents issued by the District Court of New Jersey. Compl. at ¶¶ 33-37. These notices are alleged to direct the retention of any business related records and documents. Compl. at ¶¶ 33-34, 36-37.

On July 5, 2007, Mr. Heuber voluntarily resigned from USI and shortly thereafter commenced employment at Defendant Kinloch Consulting Group, Inc. ("Consulting"). Compl. at ¶¶ 40, 68-69.

Plaintiffs allege that after Mr. Hueber's departure, USI discovered that during Mr. Hueber's employment at USI, Mr. Hueber had deleted files from the computer he used while employed at USI and emailed 36 documents to his personal Optonline email account by email attachment.

Compl. at ¶¶ 45-46.

Plaintiffs further allege that USI spent over $20,000 to retain a computer forensic analyst to evaluate Mr. Hueber's computer, in addition to an undisclosed amount on attorneys' fees "in connection with the analysis of computers." Compl. at ¶¶ 49-52. It is alleged that the items emailed by Hueber from his USI computer to his personal email account, during the time he was employed with USI, contained USI confidential information.[3] Compl. at ¶¶ 83, 102.

Plaintiffs allege, <u>upon nothing more than information and belief</u> and without any facts to support their claim, that Mr. Hueber was acting "as an agent for Kinloch, or one of its affiliates," while he was still employed at USI. Compl. at ¶ 48.

On August 13, 2007, Plaintiffs' attorneys sent a letter to Mr. Hueber to remind him of his duties and obligations to USI. Compl. at ¶ 61. Correspondence continued between Plaintiffs' attorneys and Mr. Hueber through January 8, 2008. Compl. at ¶¶ 63-67. USI demanded that Mr. Hueber voluntarily submit his personal computer for forensic analysis, remove and return any USI information, and repay USI's computer forensic expenses. Compl. at ¶ 67. After receiving no response to their letters, Plaintiffs commenced this action on March 11, 2008, against Mr. Hueber as well as his new employer.

Plaintiffs allege that just three of USI's clients may or may not be affected by Mr. Hueber's departure from USI, only two of which actually left USI. Compl. at ¶¶ 70, 76, 81. Plaintiffs have failed to allege a single fact to support their conclusions, made only "upon information and belief," that there is any connection between any client leaving USI and Mr. Hueber's joining Kinloch

---

[3] Mr. Hueber has generally denied the allegations set forth by USI. A copy of the Hueber Answer is annexed to the Fensterstock Aff. as Exh. 2.

3

Consulting. More importantly, and relevant to this motion, there are NO allegations within the entire Complaint of any wrongdoing by the Corporate Defendants and, accordingly, those claims must be dismissed.

## ARGUMENT

When deciding a motion to dismiss for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiffs' favor. Dismissal is appropriate only when it appears beyond doubt that the Plaintiffs can present no set of facts entitling them to relief. *See Garland-Sash v. Lewis*, No. 05 Civ. 6827(WHP), 2007 WL 935013, *1 (S.D.N.Y. March 26, 2007).

The allegations against the Corporate Defendants are based upon USI's speculation that **two** accounts, which used to be serviced by USI, were improperly solicited by Mr. Hueber using USI's confidential information wrongfully attained by Mr. Hueber during his employment with USI. Based on nothing more than supposition and conjecture, USI attempts to create a fabricated claim against the Corporate Defendants solely because **two** clients have voluntarily ceased doing business with them. There is no foundation on which to rest USI's purely speculative assertions. Any reasonable interpretation of the Complaint shows it is completely devoid of any legally recognized cause of action against the Corporate Defendants and, therefore, must be dismissed.

## POINT I

### PLAINTIFFS HAVE FAILED TO SET FORTH A CAUSE OF ACTION FOR UNFAIR COMPETITION AGAINST THE CORPORATE DEFENDANTS

Plaintiffs bring their Sixth Cause of Action for Unfair Competition against all Defendants. Compl. at ¶¶ 122-127. Plaintiffs merely allege that "Defendants have willfully and knowingly

engaged in unfair acts or practices and unfair methods of competition, including the bad faith misappropriation of Plaintiffs' proprietary Confidential Information and good will." Compl. at ¶ 123. Nowhere in the Complaint do Plaintiffs explain the "unfair acts or practices" or "unfair methods" in which they accuse the Corporate Defendants of engaging. Nowhere in the Complaint do Plaintiffs allege what "proprietary Confidential information" they accuse the Corporate Defendants of misappropriating. The Complaint contains mostly allegations of acts Plaintiffs claim were performed by Mr. Hueber. Even taking all factual allegations in the Complaint as true and drawing all reasonable inferences in Plaintiffs' favor, Plaintiffs have failed to allege any facts to have a hope of relief against the Corporate Defendants.

The central principle underlying a claim for unfair competition under New York law is that one may not misappropriate the results of the labor, skill, and expenditures of another in bad faith. Although unfair competition may take many forms, the pivotal question is always whether the conduct complained of is fair or unfair. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 619 (S.D.N.Y 2003) (internal citations and quotation marks omitted). Moreover, "[i]n order to properly allege the misappropriation aspect of an unfair competition claim, a plaintiff is required to plead (1) acts or omissions by defendants that proximately caused a misappropriation, and (2) the property or benefit misappropriated." *Id.* (internal quotation marks omitted); *see also Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp.*, 166 F. Supp. 2d 891, 894 (S.D.N.Y 2001) (granting defendant's motion to dismiss when plaintiff's allegations, on their face, did not plead ownership of any proprietary data or technological innovation that could possibly have been misappropriated by defendant); *see also Data Broad. Corp. v. Tele-Communications, Inc.*, No. 92 Civ. 4840 (JFK), 1992 WL 350624, * 4 n. 4 (S.D.N.Y. Nov. 19, 1992) (stating that in order to

properly state a claim for unfair competition, the plaintiff must allege the specific acts of misappropriation used to gain a commercial advantage and must identify specifically what property was misappropriated). Here, Plaintiffs have failed to allege (1) acts or omissions by Corporate Defendants that proximately caused a misappropriation, and (2) the property or benefit that the Corporate Defendants have misappropriated. Having alleged no specific acts of Corporate Defendants, Plaintiffs' cause of action cannot stand.

A required element of a common-law claim for unfair competition is that the *defendant*, in bad faith, has misappropriated the labors and expenditures of another. *See Czech Beer Imp., Inc. v. C. Haven Imp., LLC.*, No. 04 Civ. 2270(RCC), 2005 WL 1490097, *7 (S.D.N.Y. June 23, 2005) (emphasis added). In *Czech Beer*, the Court granted defendant's motion to dismiss a claim for unfair competition where plaintiff asserted that a third party improperly provided plaintiff's confidential information to defendant but plaintiff failed to allege that the *defendant* misappropriated the information from the third party. *Id.* The court stated that the cause of action cannot be sustained by simply alleging that the defendant's actions were unfair. *Id.*

In this case, Plaintiffs have not alleged that the Corporate Defendants misappropriated the results of the labor, skill, or expenditures of Plaintiffs in bad faith or otherwise. Plaintiffs merely stated a vague allegation that Defendants acted unfairly. *See* Compl. at ¶¶ 123-124. While the Complaint may contain certain allegations directed at Mr. Hueber, the Complaint contains no allegations of fact that the Corporate Defendants, themselves, misappropriated any information from either the Plaintiffs or from Mr. Hueber.

Only one paragraph of Plaintiffs' Complaint contains any allegation that the Corporate Defendants "engaged in unfair acts or practices and unfair methods of competition," but provides

no factual support. Compl. at ¶ 123. Not only are there no allegations that the Corporate Defendants actually used any of the information allegedly taken by Mr. Hueber during his employment with USI, but there is nothing more than the bare, conclusory allegation that the Corporate Defendants were provided with an "unfair competitive advantage" as a result of Mr. Hueber's alleged activity. Compl. at ¶ 85. Without factual support, Plaintiffs have unquestionably failed to state a claim for Unfair Competition against the Corporate Defendants. Plaintiffs cannot present any set of facts entitling them to relief against the Corporate Defendants. Therefore, Plaintiffs' Sixth Cause of Action for Unfair Competition should be dismissed as against the Corporate Defendants.

## POINT II

### PLAINTIFFS HAVE FAILED TO SET FORTH A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST THE CORPORATE DEFENDANTS

Plaintiffs' claim for Tortious Interference with Prospective Economic Advantage against the Corporate Defendants is grossly inadequate, and should also be dismissed. The cause of action for Tortious Interference with Prospective Economic Advantage is difficult to sustain, and its requirements are more demanding than those for interference with the performance of an existing contract. *PKG Group, LLC v. Gamma Croma, S.p.A.*, 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006). "Where there is no breach of an existing contract, but only interference with prospective contract rights, however, plaintiff must show more culpable conduct on the part of the defendant." *Ulico Cas. Co. v. Wilson, Moskowitz, Edelman & Dicker*, 843 N.Y.S.2d 749, 768, 16 Misc. 3d 1051, 1073 (N.Y. Sup. 2007). In order to avoid a motion to dismiss on their claim for Tortious Interference with Prospective Economic Advantage, against the Corporate Defendants, Plaintiffs

must have adequately alleged: "(1) the existence of a profitable business relationship; (2) the tortfeasor's interference with that relationship; (3) the tortfeasor's use of dishonest, unfair, improper, or wrongful means; and (4) damage to the business relationship." *P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 198 F. Supp. 2d 466, 473 (S.D.N.Y. 2002) (citations omitted).

Plaintiffs' lack of evidence that any interference took place, or that any wrongful means were the source of that alleged interference, is blatant. Plaintiffs' allegation that the Corporate Defendants interfered with their business relationships is based solely "upon information and belief." Compl. at ¶ 130. In evaluating a motion to dismiss, speculation should not be given the presumption of truthfulness. *Dillion v. U.S. Postal Serv.*, 94 CIV. 3187 (SAS), 1995 WL 447789 (S.D.N.Y. July 28, 1995) citing *L'Europeene de Banque v. La Republica De Venezuela*, 700 F. Supp 114, 122 (S.D.N.Y. 1988) (speculation, legal conclusions, deductions and opinions couched as factual allegations should not be given the presumption of truthfulness in evaluating a motion to dismiss).

In order to establish a prima facie case of Tortious Interference with Prospective Economic Advantage, Plaintiffs must show that the alleged interference was either with the sole purpose of harming the plaintiff or by "wrongful means." *PKG Group*, 446 F. Supp. 2d 249. Plaintiffs have failed to adequately allege that the Corporate Defendants' alleged interference was accomplished either by "wrongful means" or that the Corporate Defendants allegedly acted for the sole purpose of harming the Plaintiffs. *Id.* "In all but the most egregious circumstances, 'dishonest, unfair, or improper means' must amount to misconduct that constitutes either a crime or an independent tort." *Id.* at 250; *see also Strapex Corp. v. Metaverpa N.V.*, 607 F. Supp. 1047 (S.D.N.Y. 1985). The Court of Appeals has held that an allegation of "wrongful means" requires "more than simple

persuasion." *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 406 N.E.2d 445, 50 N.Y.2d 183 (N.Y. 1980).

Plaintiffs fail to allege, with any specificity, any wrongful conduct by Corporate Defendants. Because any allegation that the Corporate Defendants' actions were wrongful or unlawful is wholly "conclusory and without support," Plaintiffs' claim for Tortious Interference with Prospective Economic Advantage should be dismissed. *LoPresti v. Massachusetts Life Ins. Co.*, 820 N.Y.S.2d 275, 30 A.D.3d 474 (2d Dep't 2006); *see also Vigoda v. DCA Prod. Plus Inc.*, 741 N.Y.S.2d 20, 293 A.D.2d 265 (1st Dep't 2002) (finding that plaintiffs' claim for tortious interference with prospective economic relations failed for several reasons, including that plaintiffs "utterly failed to identify the 'wrongful means' used by defendants to interfere").

Fatal to their claim, Plaintiffs have failed to allege that the Corporate Defendants acted for the sole purpose of harming Plaintiffs. Plaintiffs allege an "intent to injure Plaintiffs," but such allegation falls short of establishing that Corporate Defendants acted with the *sole purpose* of harming Plaintiffs. *See* Compl. at ¶ 131. Moreover, it is settled law that acts motivated by economic self-interest are not to be considered acts committed solely out of malice. *PKG Group*, 446 F. Supp. 2d 249. Where the alleged interference "is intended 'at least in part to advance the competing interest of the interferer,' the interference will be excused unless the means employed include 'physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure; they do not, however, include persuasion alone . . .'" *Strapex Corp.*, 607 F. Supp. at 1050; *see also Guard Life Corp.*, 406 N.E.2d 445.

In *Polar Int'l Brokerage Corp. v. Richman*, 737 N.Y.S.2d 79, 291 A.D.2d 219 (1st Dep't 2002), a dispute between insurance brokers, the First Department held that summary judgment

9

should have been granted dismissing plaintiff's cause of action for tortious interference with prospective economic advantage where evidence that defendant had assisted in the solicitation of plaintiff's clients was "insufficient to raise a question of fact as to whether [defendant] had employed wrongful means with the sole objective of harming plaintiffs." Similarly, in this dispute between insurance brokers, Plaintiffs' lack of any evidence, and failure to allege sufficient actions taken by the Corporate Defendants that employed wrongful means, all with the sole objective of harming Plaintiffs, mandate that this cause of action be dismissed.

Not only have Plaintiffs failed to allege any wrongful conduct, other than based upon pure speculation, but Plaintiffs have also failed to show that any alleged statement or conduct by the Corporate Defendants was the "but for" cause of any loss of prospective economic relations. To plead Tortious Interference with Prospective Economic Advantage, "a plaintiff must allege 'that plaintiff would have entered into an economic relationship *but for* the defendant's wrongful conduct,' and name the parties to any specific contract [he] would have obtained.'" *Knight-McConnell v. Cummins*, No. 03 Civ. 5035 (NRB), 2004 WL 1713824, *4 (S.D.N.Y. July 29, 2004) (emphasis added) *citing Vigoda*, 741 N.Y.S.2d 20 (1st Dep't 2002); *See Ulico Cas. Co.*, 843 N.Y.S.2d at 769 (dismissing cause of action for tortious interference with prospective economic advantage where Plaintiff failed to demonstrate that "but for" conduct, agreement would not have been breached or business would not have transferred).

Here, Plaintiffs clearly and explicitly state that "The loss of the [formerly USI account] was due to Hueber's solicitation of this USI Client Account. But for Hueber's solicitation, the account would have remained with USI." Compl. at ¶¶ 77, 82. Plaintiffs' attempt to bind Mr. Hueber as the "but for" cause of the loss of the USI accounts forecloses the simultaneous claim that the

10

Corporate Defendants are, too, the "but for" cause of USI's loss.

Further, a general allegation of interference of customers will not withstand a motion to dismiss. *Envirosource, Inc. v. Horsehead Resource Dev. Co., Inc.*, No. 95 CIV 5106, 1996 WL 363091 (S.D.N.Y. July 1, 1996). Even though Plaintiffs stated that "[u]pon information and belief Defendants have . . . interfere[d] with Client Account relationships and . . . deprive[d] USI of business opportunities that would have been available to them, including business opportunities with USI customers such as ABC Home Furnishings and ABC Carpet & Home, for example" (*see* Compl. at ¶ 130), they have failed to allege that "but for" alleged wrongdoing by Corporate Defendants, Plaintiffs would have maintained those accounts. Plaintiffs conspicuously fail to allege that "but for" any alleged wrongful conduct on the part of the Corporate Defendants, that the accounts would have remained with USI.

Plaintiffs' allegations of Tortious Interference with Prospective Economic Advantage against the Corporate Defendants are insufficient and based solely upon speculation. Plaintiffs have failed to allege (1) that the Corporate Defendants engaged in any wrongdoing, (2) acted solely with the purpose of harming Plaintiffs, or (3) that "but for" any actions of Corporate Defendants, Plaintiffs would have maintained any accounts.

Plaintiffs numerous failures are fatal to their claim for Tortious Interference against the Corporate Defendants. Therefore Plaintiffs' Seventh Cause of Action should be dismissed in its entirety.

## CONCLUSION

For all of the above reasons, it is respectfully submitted that the motion to dismiss Plaintiffs' Complaint, submitted on behalf of Defendants Kinloch Holdings, Inc., Genatt

Associates, Inc., and Kinloch Consulting Group, Inc., be granted in its entirety.

Dated: New York, New York
April 14, 2008

FENSTERSTOCK & PARTNERS LLP

By: ___/s/ Blair C. Fensterstock___
Blair C. Fensterstock
Jeanne M. Valentine
Allison M. Charles
Brooke K. Haley

30 Wall Street, 9th Floor
New York, New York 10005
Telephone: (212) 785-4100

*Attorneys for Defendants*