UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PROGRESSIVE PLAN ADMINISTRATORS, INC.,
and USI INSURANCE SERVICES LLC,

                               Plaintiffs,

                        v.

WILLIAM J. HUEBER, KINLOCH HOLDINGS, INC.,
GENATT ASSOCIATES, INC., and KINLOCH
CONSULTING GROUP, INC.,

                               Defendants.
----------------------------------------------------------------x

Case No.
08 Civ. 2488 (AKH)(KNF)

**ECF CASE**

**REPLY MEMORANDUM OF LAW OF DEFENDANTS KINLOCH HOLDINGS, INC.,
GENATT ASSOCIATES, INC., AND KINLOCH CONSULTING GROUP, INC.,
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

FENSTERSTOCK & PARTNERS LLP
*Attorneys for Defendants*
30 Wall Street, Ninth Floor
New York, New York 10005
(212) 785-4100

## TABLE OF CONTENTS

                                                                                                                **Page**

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT .............................................. 1

ARGUMENT ............................................................ 1

POINT I     THE APPLICABLE LEGAL STANDARDS DEMAND A FINDING
              THAT PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD
              THEIR CLAIMS AGAINST THE CORPORATE DEFENDANTS ........... 2

POINT II    PLAINTIFFS' ALLEGATION OF AN AGENCY RELATIONSHIP
              BETWEEN MR. HUEBER AND THE CORPORATE DEFENDANTS
              FAILS TO SUFFICIENTLY ALLEGE A CLAIM FOR
              UNFAIR COMPETITION ......................................... 5

POINT III   PLAINTIFFS HAVE FAILED TO SUFFICIENTLY ALLEGE A CLAIM
              FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC
              ADVANTAGE AGAINST THE CORPORATE DEFENDANTS ............ 9

CONCLUSION ......................................................... 14

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Agfa Corp. v. United Mktg. Grp.*,
   No. 02 Civ. 8468, 2003 WL 2155087 (S.D.N.Y. Jul. 10, 2003) .................... 11

*Astroworks, Inc. v. Astroexhibit, Inc.*,
   257 F. Supp. 2d 609 (S.D.N.Y 2003) ........................................ 6

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ................................................. 2, 3

*Dillion v. U.S. Postal Serv.*,
   94 CIV. 3187, 1995 WL 447789 (S.D.N.Y. Jul. 28, 1995) ...................... 10

*Envirosource, Inc. v. Horsehead Resource Dev. Co., Inc.*,
   No. 95 CIV 5106, 1996 WL 363091 (S.D.N.Y. Jul. 1, 1996) .................... 13

*Goldstein v. Pataki*,
   516 F.3d 50 (2d Cir. 2008) .............................................. 2

*Intel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*,
   909 F.2d 698 (2d Cir. 1990) ............................................. 7

*Knight-McConnell v. Cummins*,
   No. 03 Civ. 5035, 2004 WL 1713824 (S.D.N.Y. Jul. 29, 2004) ................. 13

*Lee v. Kim*,
   No. 93 CIV. 8280, 1994 WL 586435 (S.D.N.Y. Oct. 25, 1994) ................. 6, 7

*Lesavoy v. Lane*,
   304 F. Supp. 2d 520 (S.D.N.Y. 2004) ..................................... 3

*Maung Ng We v. Merrill Lynch & Co., Inc.*,
   No. 99 CIV. 9687, 2000 WL 1159835 (S.D.N.Y. Aug. 15, 2000) ................ 6

*Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*,
   657 F. Supp. 1475 (S.D.N.Y. 1987) ...................................... 6, 7

*PKG Group LLC v. Gamma Croma, S.p.A*,
   446 F. Supp. 2d 249 (S.D.N.Y. 2006) ................................. 9, 11, 12

**Page**

*Podany v. Robertson Stephens, Inc.*,
    350 F. Supp. 2d 375 (S.D.N.Y. 2004) .................................... 4

*Rose v. Goldman, Sachs & Co., Inc.*,
    163 F. Supp. 2d 238 (S.D.N.Y. 2001) .................................... 3

*Sheppard v. Berman*,
    18 F.3d 147 (2d Cir. 1994) .................................... 2

*Shopping Mall Investors, N.V. v. E.G. Frances Co., Inc.*,
    No. 84 Civ. 1469, 1985 WL 210 (S.D.N.Y. Jan. 23, 1985) ...................... 3

*Strapex Corp. v. Metaverpa N.V.*,
    607 F. Supp. 1047 (S.D.N.Y. 1985) .................................... 12

### STATE CASES

*Amigo Foods Corp. v. Marine Midland Bank-New York*,
    39 N.Y.2d 391 (1976) .................................... 4

*Caper v. Nussbaum*,
    825 N.Y.S.2d 55, 36 A.D.3d 176 (2d Dep't 2006) .............................. 13

*Guard Life Corp. v. S. Parker Hardware Mfg. Corp.*,
    406 N.E.2d 445, 50 N.Y.2d 183 (1980) .................................... 12

*LoPresti v. Massachusetts Life Ins. Co.*,
    820 N.Y.S.2d 275, 30 A.D.3d 474 (2d Dep't 2006) ............................ 11

*Polar Int'l Brokerage Corp. v. Richman*,
    737 N.Y.S.2d 79, 291 A.D.2d 219 (1st Dep't 2002) ............................ 12

### FEDERAL STATUTES

Fed. R. Civ. P. 8(a)(2) .................................... 4

**PRELIMINARY STATEMENT**

Defendants Kinloch Holdings, Inc., Genatt Associates, Inc., and Kinloch Consulting Group, Inc. (hereinafter referred to collectively as "the Corporate Defendants")[1] respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss Plaintiffs' Complaint[2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss of the Corporate Defendants ("Plaintiffs' Opposition") wholly fails to establish that either of Plaintiffs' claims against the Corporate Defendants could be sustainable and, indeed, should be dismissed with prejudice.[3]

Therefore, because the Complaint fails to allege any acts of wrongdoing against the Corporate Defendants, Plaintiffs' Sixth Cause of Action for Unfair Competition and Seventh Cause of Action for Tortious Interference with Prospective Economic Advantage should be dismissed.

**ARGUMENT**

Plaintiffs' Opposition is a mere re-hashing of Plaintiffs' Complaint and offers **no facts** which could support their claims against the Corporate Defendants. Plaintiffs base their argument on a few paragraphs of their Complaint which contain solely conclusory allegations that Mr. Hueber acted as an "agent" for the Corporate Defendants and yet present no facts that show how Mr. Hueber

---

[1] Individual Defendant William J. Hueber has submitted an Answer and is not presently seeking a dismissal of the claims against him.

[2] As pointed out in the Corporate Defendants' original Memorandum of Law in n. 2, there is no obvious connection between Plaintiff Progressive Plan Administrators, Inc. ("PPA") and USI, or with any of the Defendants. Plaintiffs have offered no explanation for the inclusion of PPA as a Plaintiff and, as such, it remains unclear as to why PPA is named in this action.

[3] As one of many examples of inconsistencies in Plaintiffs' Opposition, Plaintiffs argue first that this Court "should deny the MTD, in its entirety and with prejudice," (Pl. Opp. at p. 1) and then immediately direct the Court to n 2, wherein Plaintiffs assert that "the Court should deny the MTD without any prejudice." It is respectfully submitted that the Corporate Defendants' Motion to Dismiss should be granted, in its entirety, with prejudice.

1

acted as such. Plaintiffs' failure to allege "acts" of the Corporate Defendants themselves mandates the dismissal of the baseless claims asserted against them.

## POINT I

### THE APPLICABLE LEGAL STANDARDS DEMAND A FINDING THAT PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD THEIR CLAIMS AGAINST THE CORPORATE DEFENDANTS

It is well settled that, in evaluating a motion to dismiss, a court must treat the *facts* pled by the plaintiff as true. *Sheppard v. Berman*, 18 F.3d 147, 150 (2d Cir. 1994). However, to survive a motion to dismiss, the facts alleged in a complaint "must be enough to raise a right to relief <u>*above the speculative level*</u>." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (emphasis added); *see also Goldstein v. Pataki*, 516 F.3d 50, 57 (2d Cir. 2008) (dismissing a claim for failing to make factual allegations which raise a right to relief above the speculative level). Importantly, in evaluating a motion to dismiss, **courts "are not bound to accept as true a legal conclusion couched as a factual allegation."** *Twombly*, 127 S. Ct. at 1965 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986) (emphasis added)).

Plaintiffs' Opposition amounts to nothing more than a reiteration of the inadequate allegations contained within the Complaint, with the added confusion of the unfounded argument that the facts as alleged against Mr. Hueber should be attributed to the Corporate Defendants based upon one solitary sentence in the Complaint:

> Upon information and belief, while Hueber was still employed at USI, he acted as an agent for Kinloch or one of its affiliates.

Compl. at ¶ 48.

Obviously, this one sentence is nothing more than a legal conclusion, **and no facts** are alleged on which to legitimately assert it. This one sentence is expressly made "upon information

2

and belief," which, without factual basis, necessarily deems this allegation purely speculative. *See Lesavoy v. Lane*, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004) ("[c]onclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss) (*quoting Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.*, No. 95 Civ. 8450, 1996 WL 732634, at *5 (S.D.N.Y. Dec. 19, 1996) (dismissing complaint with conclusory and unsupported allegations based upon "information and belief")); *see also Rose v. Goldman, Sachs & Co., Inc.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001) (complaint with no specific factual allegations to enable court to evaluate information and belief assertions failed to state a claim).

The entire Opposition submitted by Plaintiffs confuses the concept of "legal conclusions" with "factual allegations." *See Twombly*, 127 S. Ct. at 1965. In a nimble attempt to sidestep reality, Plaintiffs repeatedly assert that they have alleged "facts" sufficient to state and sustain claims of Unfair Competition and Tortious Interference against the Corporate Defendants, but the simple truth is that there are **no facts** alleged anywhere within the Complaint that relate to *actions* of the Corporate Defendants. Each and every allegation relating to the Corporate Defendants hinges upon an agency theory of liability, *i.e.* that the Corporate Defendants should be liable for the alleged acts of Mr. Hueber. Yet, tellingly, there are **no facts** alleged on which to base an agency theory of liability. Accordingly, without facts upon which to found the agency allegation pled on "information and belief," (Compl. at ¶ 48) the allegation is merely conclusory and cannot withstand a motion to dismiss. *See Shopping Mall Investors, N.V. v. E.G. Frances Co., Inc.*, No. 84 Civ. 1469, 1985 WL 210 (S.D.N.Y. Jan. 23, 1985) (allegations pled on "information and belief" are proper only if "accompanied by a statement of the facts upon which the belief is founded").

To be clear, the Corporate Defendants acknowledge that the applicable pleading standard simply requires that the Complaint contain a "short and plain statement of the claim showing that

3

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the "detailed factual allegations" to which Plaintiffs incessantly refer are all directed towards acts allegedly committed *by Mr. Hueber*, with the admitted purpose of bootstrapping these acts upon the Corporate Defendants by including within the Complaint the single sentence alleging that Mr. Hueber acted as "the agent" of the Corporate Defendants. Compl. at ¶ 48. Even under the most liberal interpretation of Rule 8(a)(2), Plaintiffs' utter failure to include even one fact concerning actions of the Corporate Defendants requires dismissal of all claims brought against them.

Further, Plaintiffs' bold request to allow the insufficient claims against the Corporate Defendants to continue in an effort to engage in costly and unnecessary discovery in the event that there may exist "enough facts to plausibly suggest a valid claim for relief" cannot serve as a basis to deny this Motion to Dismiss. *See* Plaintiffs' Opposition, p. 8. To be entitled to discovery, Plaintiffs must first <u>demonstrate</u> that facts exist to warrant the claims to continue. *See Amigo Foods Corp. v. Marine Midland Bank-New* York, 39 N.Y.2d 391, 395 (1976) (cited in support of Plaintiffs' Opposition, at p. 7, fn. 9); *accord Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim").

Plaintiffs have failed to demonstrate that facts exist on which to assert a claim against the Corporate Defendants, and have all but conceded that this action was purposely commenced in an effort to force the Corporate Defendants to engage in discovery with the stated purpose of uncovering what may or may not be an improper relationship with Mr. Hueber. In other words, Plaintiffs have instituted this lawsuit with the intent to engage in a fishing expedition and seek the Court's approval for their endeavor.

While it is unquestionably the Court's role to construe a Complaint broadly and liberally, "accepting all factual allegations in the complaint as true," the Court's role is not to presume that facts exist which are not alleged in the Complaint, which is exactly the exercise Plaintiff' expect of the Court here. Instead, a simple reading of the Complaint as drafted, accepting all reasonable inferences in the Plaintiffs' favor, reveals **no facts** alleged against the Corporate Defendants whatsoever. The legal conclusions sparsely peppered throughout the Complaint that relate to the Corporate Defendants, conveniently yet inaccurately couched in terms of "detailed facts" in Plaintiffs' Opposition, fail to state a claim upon which relief may be granted.

**POINT II**

**PLAINTIFFS' ALLEGATION OF AN AGENCY RELATIONSHIP BETWEEN MR. HUEBER AND THE CORPORATE DEFENDANTS FAILS TO SUFFICIENTLY ALLEGE A CLAIM FOR UNFAIR COMPETITION**

The Plaintiffs have not sufficiently pled a claim for Unfair Competition in their Complaint. Despite the illogical and ill-conceived statements to the contrary in Plaintiffs' Opposition, Plaintiffs have not alleged one single act by the Corporate Defendants. Plaintiffs have stated their fantastic allegation that Mr. Hueber acted as an agent for the Corporate Defendants but Plaintiffs fail to sufficiently allege any single fact that supports this allegation. Even taking all the facts alleged as true, for purposes of a motion to dismiss, Plaintiffs simply have offered **no facts** on which to base a conclusion that Mr. Hueber acted as an agent such that the Corporate Defendants should be held accountable for his alleged actions. Such a bald and unsupported allegation simply can not survive a motion to dismiss.

As is required to state a claim for Unfair Competition in New York, Plaintiffs have failed to allege how the Corporate Defendants misappropriated the results of Plaintiffs' labor, skill, and

expenditures in bad faith; what conduct of the Corporate Defendants was unfair; acts or omissions by the Corporate Defendants that proximately caused a misappropriation; and the property or benefit that the Corporate Defendants have misappropriated. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 619 (S.D.N.Y 2003). In fact, in Plaintiffs' Opposition, they admit that they are not able to allege any facts regarding the Corporate Defendants themselves, but, instead, Plaintiffs merely seek to impugn the alleged actions of Mr. Hueber to the Corporate Defendants. The only paragraph, Plaintiffs argue, that supports their unfounded claims against the Corporate Defendants, alleges nothing more than: "Upon information and belief, while Hueber was still employed at USI, he acted as an agent for Kinloch, or one of its affiliates." *See* Compl. at ¶ 48. This statement, based only *upon information and belief*, is not sufficient to keep the Corporate Defendants in this case. There are no facts alleged in the Complaint that the Corporate Defendants controlled Mr. Hueber before he was hired by the Corporate Defendants.

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 657 F. Supp. 1475, 1481 n. 2 (S.D.N.Y. 1987) *quoting In re Shulman Trans. Ent., Inc.*, 744 F.2d 293, 295 (2d Cir.1984). In order to create an agency relationship, both the principal and the agent must manifest their consent to the arrangement. *See Lee v. Kim*, No. 93 CIV. 8280, 1994 WL 586435, *3 (S.D.N.Y. Oct. 25, 1994). Moreover, "[i]t is critical to the establishment of an agency relationship that the agent acts subject to the principal's direction and control." *Maung Ng We v. Merrill Lynch & Co., Inc.*, No. 99 CIV. 9687, 2000 WL 1159835 (S.D.N.Y. Aug. 15, 2000) (internal quotations omitted). The control by the principal is of paramount importance and the alleged principal must have control over

the agent. *Id.* "There is no agency relationship where the alleged principal has no right of control over the alleged agent." *Morgan Guar. Trust*, 657 F. Supp. at 1481 n. 2.

Plaintiffs do not allege in their Complaint that Mr. Hueber and the Corporate Defendants manifested their consent to an arrangement of agency. Plaintiffs do not allege in their Complaint that the Corporate Defendants had control over Mr. Hueber. Plaintiffs' Complaint does not state that there was any written or oral agreement of agency between Mr. Hueber and the Corporate Defendants. Nor does Plaintiffs' Complaint allege any actions of the Corporate Defendants that would lead to the conclusion that Mr. Hueber was acting as their agent. This is fatal to Plaintiffs' cause of action against the Corporate Defendants insofar as it is based on allegations that Mr. Hueber acted as either the express or implied agent of the Corporate Defendants. *See Intel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*, 909 F.2d 698, 703 (2d Cir. 1990); *see also Lee v. Kim*, 1994 WL 586435 at *3 (dismissing plaintiffs' cause of action against corporate defendant when plaintiffs complaint failed to allege a written or oral agreement between itself and a third party it claims was acting as its agent).

The cases cited by Plaintiffs in their Opposition only further serve to demonstrate that, in order to survive a motion to dismiss, Plaintiffs need to allege specific acts of the Corporate Defendants. *See* Plaintiffs' Opposition at p. 13. Plaintiffs have only alleged acts of Defendant *Mr. Hueber*.

Furthermore, there is no allegation that the Corporate Defendants had possession of or misappropriated Plaintiffs' confidential information on which to base a claim of Unfair Competition. It is illogical and preposterous for Plaintiffs to claim in their Opposition that the Corporate Defendants are in the sole possession of documents and information pertinent to Plaintiffs' claim of Unfair Competition (*see* Plaintiffs' Opposition, at p 14) when, in Plaintiffs' Complaint, they state

repeatedly and clearly that they hired Stroz Friedberg to search for documents that Mr. Hueber allegedly either deleted or e-mailed to a private account. *See e.g.* Compl. at ¶¶ 45-47, 49-60. Notwithstanding the fact that Plaintiffs fail to allege in their Complaint that the Corporate Defendants are in possession of any documents or information lending itself to a finding of Unfair Competition, Plaintiffs can not logically state both that documents were deleted and at the same time are in the Defendants' possession. Similarly, Plaintiffs can not claim with any reliability that Mr. Hueber e-mailed certain, apparently undeleted, documents to a private account and that Plaintiffs do not have access to these alleged proprietary documents which were e-mailed from their own e-mail system.

There are **no facts** alleged within the Complaint that would result in a fair interpretation that the Corporate Defendants misappropriated any of Plaintiffs' confidential or proprietary information sufficient to state a claim of Unfair Competition. Indeed, only two accounts are at issue in this matter (although Plaintiffs' Opposition mentions a third account that has purportedly remained with USI, *see* Plaintiffs' Opposition at p. 5, fn 7), both of which are specifically alleged to have transferred their business from USI to the Corporate Defendants "due to Hueber's solicitation." Compl. at ¶¶ 77, 82. Again, in conclusory fashion, Plaintiffs speculatively allege, *upon information and belief*, that these two accounts were improperly solicited *by Mr. Hueber* – not by the Corporate Defendants. *Id.*

Thus, Plaintiffs have failed to sufficiently allege a claim for Unfair Competition and, accordingly, the Sixth Cause of Action should be dismissed as against the Corporate Defendants.

## POINT III

## PLAINTIFFS HAVE FAILED TO SUFFICIENTLY ALLEGE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST THE CORPORATE DEFENDANTS

Plaintiffs' argument that they have properly pled a claim for Tortious Interference with Prospective Economic Advantage is baseless and unsupported. Plaintiffs have chosen to casually dismiss Corporate Defendants' arguments regarding the deficiencies in their pleadings, instead of actually addressing the valid points made and relevant cases addressed in the Corporate Defendants' Memorandum of Law.

Plaintiffs correctly cite law that, in order to state a claim for Tortious Interference with Prospective Economic Advantage, the plaintiff must allege facts to demonstrate that the defendant acted with the sole purpose of harming the plaintiff or used wrongful means. *PKG Group LLC v. Gamma Croma, S.p.A,* 446 F. Supp. 2d 249 (S.D.N.Y. 2006). Yet, Plaintiffs never alleged in their Complaint that Corporate Defendants acted with the sole purpose of harming the Plaintiffs, and Plaintiffs fail to address this insufficiency. Plaintiffs' citation to paragraph 131 of their Complaint, that "these acts were committed with the intent to injure" highlights Plaintiffs' failure to allege that the Corporate Defendants acted with the sole purpose of harming the Plaintiffs. Plaintiffs state that "logically and obviously" Mr. Hueber's alleged deletion of emails "could not have been committed and intended for any other purpose than to harm the Plaintiffs." *See* Plaintiffs' Opposition at p.17, n. 12. This attenuated argument is yet another weak attempt to connect Mr. Hueber's alleged actions to the Corporate Defendants, is completely speculative, and does nothing to address the deficiency of Plaintiffs' pleadings.

Despite Plaintiffs' acknowledgment of the pleading standards for Tortious Interference with Prospective Economic Advantage, Plaintiffs also have failed to properly allege that the Corporate

9

Defendants used dishonest, unfair or improper means. Plaintiffs fail to allege any facts of the supposed wrongful means that were allegedly employed by the Corporate Defendants. The paragraphs of their Complaint to which Plaintiffs have drawn attention, in an attempt to prove that they have properly plead their tortious interference claim, are unhelpful to Plaintiffs, and instead highlight the deficiencies in their pleadings. Nearly every paragraph to which Plaintiffs cite, including paragraphs 45, 46, 47, 48, 53, 54, 55, 56, 57, 58, 59, 96, 118, and 119, relate to allegations of wrongdoing *by Mr. Hueber*, not by the Corporate Defendants. This is an important distinction, as Plaintiffs have only asserted a claim for Tortious Interference with Prospective Economic Advantage against the Corporate Defendants, not Mr. Hueber. For example, paragraph 119, which is part of Plaintiffs' claim for breach of duty of loyalty against Mr. Hueber, specifically states that *Mr. Hueber* allegedly misappropriated and/or utilized USI's Confidential Information, but conspicuously does not allege any wrongdoing by the Corporate Defendants.

Paragraphs 96, 118, and 119 attempt to state that Mr. Hueber acted as an agent, or on behalf of the Corporate Defendants, but, as previously stated, Plaintiffs have failed to establish an agency relationship, and any such suggestion is purely speculative. Interestingly, when Plaintiffs quoted from paragraph 130 of their Complaint, they conveniently failed to include the language "upon information and belief," that is the basis for their wholly speculative allegation that Corporate Defendants "used" Plaintiffs' confidential information. In evaluating a motion to dismiss, speculation should not be given the presumption of truthfulness. *Dillion v. U.S. Postal Serv.*, 94 CIV. 3187, 1995 WL 447789 (S.D.N.Y. Jul. 28, 1995) *citing L'Europeene de Banque v. La Republica De Venezuela*, 700 F. Supp 114, 122 (S.D.N.Y. 1988) (speculation, legal conclusions, deductions and opinions couched as factual allegations should not be given the presumption of truthfulness in evaluating a motion to dismiss).

Plaintiffs' reliance on *Agfa Corp. v. United Mktg. Grp.*, No. 02 Civ. 8468, 2003 WL 2155087 (S.D.N.Y. Jul. 10, 2003), to avoid dismissal of their claim for Tortious Interference with Prospective Economic Advantage, is misplaced. In *Agfa*, the plaintiff pled the elements of its causes of action, actually detailed the defendants' actions in inducing the breach of an agreement, and the defendants did not identify any pleading deficiency in plaintiff's claims for tortious interference other than that the claim was "sham" litigation. *Id*. The situation at hand could not be more different. Here, Plaintiffs have not properly plead the elements of Tortious Interference with Prospective Economic Advantage, Plaintiffs have not detailed any wrongful actions by the Corporate Defendants, and the Corporate Defendants have identified numerous pleading deficiencies in Plaintiffs' claim for Tortious Interference with Prospective Economic Advantage.

In *PKG Grp.*, 446 F. Supp. 2d 249, on which Plaintiffs rely, the Court specifically states that it "disagrees with those courts that . . . suggested that simply reciting conclusory words like 'dishonest, unfair, or improper means,' is sufficient to sustain a tortious interference claim on a Rule 12(b)(6) motion." *Id*. at 251. That is precisely what Plaintiffs have done here. *See* Compl. at ¶ 129. In *PKG Grp.*, the Court found that the allegations that the defendants had made certain false statements and had covertly undercut the plaintiff's image were sufficient under the limited demands of Rule 8. *Id*. However, this matter is distinguishable because, unlike the plaintiff in *PKG Grp.*, here, Plaintiffs have failed to make any specific factual allegations of wrongdoing by the Corporate Defendants, other than the mere recitation of conclusory words. Any allegation that the Corporate Defendants' actions were wrongful or unlawful is wholly "conclusory and without support," thus, Plaintiffs' claim for Tortious Interference with Prospective Economic Advantage should be dismissed. *LoPresti v. Massachusetts Life Ins. Co.*, 820 N.Y.S.2d 275, 30 A.D.3d 474 (2d Dep't 2006).

Further, where the alleged interference "is intended 'at least in part to advance the competing interest of the interferer,' the interference will be excused unless the means employed include 'physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure; they do not, however, include persuasion alone . . .'" *Strapex Corp. v. Metaverpa N.V.*, 607 F. Supp. 1047, 1050 (S.D.N.Y. 1985); *see also Guard Life Corp. v. S. Parker Hardware Mfg. Corp.*, 406 N.E.2d 445, 50 N.Y.2d 183 (1980). "[I]n all but the most egregious circumstances, 'dishonest, unfair, or improper means' must amount to misconduct that constitutes either a crime or an independent tort." *PKG Grp.*, 446 F. Supp. 2d at 250; *see also Strapex Corp*, 607 F. Supp. 1047. Plaintiffs have not alleged any misconduct by the Corporate Defendants that constitutes a crime or an independent tort, yet they incredulously argue that the Corporate Defendants' alleged interference was "stained by misconduct amounting to either a crime or an independent tort," in reference to allegations of *Mr. Hueber's* wrongdoing. *See* Plaintiffs' Opposition at p.17, n. 12. This Court should not be distracted by Plaintiffs' transparent attempt to blame the Corporate Defendants for any alleged wrongdoing *by Mr. Hueber*.

Plaintiffs wholly failed to address *Polar Int'l Brokerage Corp. v. Richman*, 737 N.Y.S.2d 79, 291 A.D.2d 219 (1st Dep't 2002), a relevant case involving a dispute between insurance brokers, in which the First Department held that summary judgment should have been granted dismissing plaintiff's cause of action for Tortious Interference with Prospective Economic Advantage where evidence that defendant had assisted in the solicitation of plaintiff's clients was "insufficient to raise a question of fact as to whether [defendant] had employed wrongful means with the sole objective of harming plaintiffs." Similarly, in this dispute between insurance brokers, Plaintiffs' lack of any evidence, and failure to allege sufficient actions taken by the Corporate Defendants that employed

wrongful means, all with the sole objective of harming Plaintiffs, mandate that this cause of action be dismissed.

Importantly, Plaintiffs entirely ignored their failure to allege that any alleged statement or conduct by the Corporate Defendants was the "but for" cause of any loss of prospective economic relations. A general allegation of interference of customers will not withstand a motion to dismiss. *Envirosource, Inc. v. Horsehead Resource Dev. Co., Inc.*, No. 95 CIV 5106, 1996 WL 363091 (S.D.N.Y. Jul. 1, 1996). Plaintiffs' pleading of their claim for Tortious Interference with Prospective Economic Advantage is insufficient because they failed to "allege 'that plaintiff would have entered into an economic relationship *but for* the defendant's wrongful conduct," and name the parties to any specific contract [he] would have obtained.'" *Knight-McConnell v. Cummins*, No. 03 Civ. 5035, 2004 WL 1713824, *4 (S.D.N.Y. Jul. 29, 2004) (emphasis added).

It is interesting that Plaintiffs use the language "but for" in discussing the situation in *Caper v. Nussbaum*, 825 N.Y.S.2d 55, 36 A.D.3d 176 (2d Dep't 2006), yet they fail to use the same, and required, language in their own pleadings. *See* Plaintiffs' Opposition at p. 19. Instead, Plaintiffs again attempt to make the unfounded connection between Mr. Hueber's alleged wrongdoing and the Corporate Defendants. Plaintiffs clearly and explicitly state that "[t]he loss of the [formerly USI account] was due to Hueber's solicitation of this USI Client Account. But for Hueber's solicitation, the account would have remained with USI." Compl. at ¶¶ 77, 82. Plaintiffs' attempt to bind Mr. Hueber as the "but for" cause of the loss of the USI accounts forecloses the simultaneous claim that the Corporate Defendants are, too, the "but for" cause of USI's loss.

Plaintiffs' allegations of Tortious Interference with Prospective Economic Advantage against the Corporate Defendants are insufficient and are based solely upon speculation. Plaintiffs have failed to allege (1) that the Corporate Defendants engaged in any wrongdoing, (2) acted solely with

13

the purpose of harming Plaintiffs, or (3) that "but for" any actions of Corporate Defendants, Plaintiffs would have maintained any accounts. Accordingly, the Seventh Cause of Action should be dismissed in its entirety.

## CONCLUSION

For all of the above reasons, it is respectfully submitted that the motion to dismiss Plaintiffs' Complaint, submitted on behalf of Defendants Kinloch Holdings, Inc., Genatt Associates, Inc., and Kinloch Consulting Group, Inc., be granted in its entirety.

Dated: New York, New York
      May 6, 2008

FENSTERSTOCK & PARTNERS LLP

By: _____
Blair C. Fensterstock (BF 2020)
Jeanne M. Valentine (JV 3144)

30 Wall Street, 9th Floor
New York, New York 10005
Telephone: (212) 785-4100

*Attorneys for Defendants*

14