UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
PROGRESSIVE PLAN ADMINISTRATORS, INC., and
USI INSURANCE SERVICES LLC,                              Docket No. 08-CV-2488 (AKH)(KNF)

                            Plaintiffs,

        v.                                                          **AMENDED ANSWER**

WILLIAM J. HUEBER, KINLOCH HOLDINGS, INC.,              ECF Case
GENATT ASSOCIATES, INC., and KINLOCH
CONSULTING GROUP, INC.,
                                                        **Jury Demanded**
                        Defendants.
--------------------------------------------------------------------x

## ANSWER

Defendants William J. Hueber, Kinloch Holdings, Inc., Genatt Associates, Inc. and Kinloch

Consulting Group, Inc., by their attorneys Fensterstock & Partners LLP, as and for their Answer to

Plaintiffs' Complaint, respond as follows:

### NATURE OF THE ACTION

1.      Deny the truth of each and every allegation contained in paragraph "1" of the

Complaint.

### PARTIES

2.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Complaint.

4.      Deny the truth of each and every allegation contained in paragraph "4" of the

Complaint, except admit that Hueber is a resident of West Islip, is a former employee of USI

Insurance Services LLP, and is now an employee of Kinloch Consulting Group.

5.      Admit the allegations contained in paragraph "5" of the Complaint.

6.      Admit the allegations contained in paragraph "6" of the Complaint.

7.      Admit the allegations contained in paragraph "7" of the Complaint.

## JURISDICTION AND VENUE

8.      Deny the truth of each and every allegation contained in paragraph "8" of the Complaint and respectfully refer all questions of law to the Court.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and respectfully refer all questions of law to the Court.

10.     Deny the truth of each and every allegation contained in paragraph "10" of the Complaint and respectfully refer all questions of law to the Court.

## FACTUAL BACKGROUND

**The Business of USI Companies**

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

**The Role of Producers**

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.    Deny the truth of each and every allegation contained in paragraph "15" of the Complaint and respectfully refer all questions of law to the Court.

**Hueber Employment with USI**

16.    Admit the allegations contained in paragraph "16" of the Complaint.

17.    Deny the truth of each and every allegation contained in paragraph "17" of the Complaint.

18.    Deny the truth of each and every allegation contained in paragraph "18" of the Complaint and allow the contents of the document to speak for itself.

19.    Deny the truth of each and every allegation contained in paragraph "19" of the Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

20.    Deny the truth of each and every allegation contained in paragraph "20" of the Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

21.    Deny the truth of each and every allegation contained in paragraph "21" of the Complaint and allow the contents of the document to speak for itself.

22.    Deny the truth of each and every allegation contained in paragraph "22" of the Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

23.    Deny the truth of each and every allegation contained in paragraph "23" of the Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

24.    Deny the truth of each and every allegation contained in paragraph "24" of the Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

25.    Deny the truth of each and every allegation contained in paragraph "25" of the Complaint and respectfully refer all questions of law to the Court.

26.    Deny the truth of each and every allegation contained in paragraph "26" of the Complaint, except admit that Hueber was an at-will employee and respectfully refer all questions of law to the Court.

27.    Deny the truth of each and every allegation contained in paragraph "27" of the Complaint and allow the contents of the document to speak for itself.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint, and respectfully refer all questions of law to the Court.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint, and respectfully refer all questions of law to the Court.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint, and respectfully refer all questions of law to the Court.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, and respectfully refer all questions of law to the Court.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.     Deny the truth of each and every allegation contained in paragraph "38" of the Complaint and respectfully refer all questions of law to the Court.

39.     Deny the truth of each and every allegation contained in paragraph "39" of the Complaint.

**Hueber Termination of Employment with USI**

40.     Deny the truth of each and every allegation contained in paragraph "40" of the Complaint, except admit that on July 5, 2007, Hueber submitted a letter of voluntary resignation.

41.     Admit the allegations contained in paragraph "41" of the Complaint.

42.     Admit the allegations contained in paragraph "42" of the Complaint.

43.     Deny the truth of each and every allegation contained in paragraph "43" of the

Complaint.

44.    Deny the truth of each and every allegation contained in paragraph "44" of the

Complaint.

**Hueber Illegal Activities at USI Prior to Termination of Employment**

45.    Deny the truth of each and every allegation contained in paragraph "45" of the

Complaint.

46.    Deny the truth of each and every allegation contained in paragraph "46" of the

Complaint.

47.    Deny the truth of each and every allegation contained in paragraph "47" of the

Complaint.

48.    Deny the truth of each and every allegation contained in paragraph "48" of the

Complaint.

**USI Engages Vendor for Technical Assistance and Analysis**

49.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "49" of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "50" of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "51" of the Complaint.

52.    Deny the truth of each and every allegation contained in paragraph "52" of the

Complaint.

53.    Deny the truth of each and every allegation contained in paragraph "53" of the

Complaint.

54.    Deny the truth of each and every allegation contained in paragraph "54" of the Complaint.

55.    Deny the truth of each and every allegation contained in paragraph "55" of the Complaint.

56.    Deny the truth of each and every allegation contained in paragraph "56" of the Complaint.

57.    Deny the truth of each and every allegation contained in paragraph "57" of the Complaint.

58.    Deny the truth of each and every allegation contained in paragraph "58" of the Complaint.

59.    Deny the truth of each and every allegation contained in paragraph "59" of the Complaint.

60.    Deny the truth of each and every allegation contained in paragraph "60" of the Complaint.

**USI's Communications with Hueber about his Post-Employment Obligations**

61.    Deny the truth of each and every allegation contained in paragraph "61" of the Complaint, except admit that Holland & Knight LLP sent a letter to Hueber dated August 13, 2007.

62.    Admit the allegations contained in paragraph "62" of the Complaint.

63.    Deny the truth of each and every allegation contained in paragraph "63" of the Complaint, except admit that Holland & Knight LLP sent a letter to Hueber dated September 13, 2007.

64.    Deny the truth of each and every allegation contained in paragraph "64" of the Complaint, except admit that Hueber sent a letter dated October 25, 2007.

65.    Deny the truth of each and every allegation contained in paragraph "65" of the Complaint, except admit that Holland & Knight LLP wrote a letter to Hueber dated November 16, 2007.

66.    Admit the allegations contained in paragraph "66" of the Complaint.

67.    Deny the truth of each and every allegation contained in paragraph "76" of the Complaint, except admit Holland & Knight LLP sent a letter to Hueber dated January 8, 2008.

**Hueber Breached the Non-Solicitation and Non-Disclosure Agreement**

68.    Deny the truth of each and every allegation contained in paragraph "68" of the Complaint, except admit that Hueber resigned from his position at USI.

69.    Admit the allegations contained in paragraph "69" of the Complaint.

70.    Deny the truth of each and every allegation contained in paragraph "70" of the Complaint.

71.    Deny the truth of each and every allegation contained in paragraph "71" of the Complaint, except admit that Hueber provided services to Radian.

72.    Deny the truth of each and every allegation contained in paragraph "72" of the Complaint.

73.    Deny the truth of each and every allegation contained in paragraph "71" of the Complaint, except admit that Hueber provided services to ABC Home Furnishings.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

8

75.     Admit the allegations contained in paragraph "75" of the Complaint.

76.     Admit the allegations contained in paragraph "76" of the Complaint.

77.     Deny the truth of each and every allegation contained in paragraph "77" of the Complaint.

78.     Deny the truth of each and every allegation contained in paragraph "78" of the Complaint.

79.     Deny the truth of each and every allegation contained in paragraph "79" of the Complaint, except admit that Hueber provided services to ABC Carpet & Home.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint.

81.     Deny the truth of each and every allegation contained in paragraph "81" of the Complaint, except admit that Consulting became the new broker of record for ABC Carpet effective February 1, 2008 for the following policies: Lincoln Financial Group (life & accidental death and dismemberment), The Hartford (voluntary life), and Unum (voluntary long term disability and voluntary short term disability).

82.     Deny the truth of each and every allegation contained in paragraph "82" of the Complaint.

83.     Deny the truth of each and every allegation contained in paragraph "83" of the Complaint.

84.     Deny the truth of each and every allegation contained in paragraph "84" of the Complaint.

85.     Deny the truth of each and every allegation contained in paragraph "85" of the

Complaint.

86.     Deny the truth of each and every allegation contained in paragraph "86" of the Complaint.

87.     Deny the truth of each and every allegation contained in paragraph "87" of the Complaint.

## FIRST CAUSE OF ACTION - VIOLATION OF COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § 1030 (A)(2)© (Defendant Hueber)

88.     Defendant repeats and reiterates each and every response to paragraphs "1" through "87" of the Complaint, as if each were set forth at length herein.

89.     Deny the truth of each and every allegation contained in paragraph "89" of the Complaint.

90.     Deny the truth of each and every allegation contained in paragraph "90" of the Complaint.

91.     Deny the truth of each and every allegation contained in paragraph "91" of the Complaint.

92.     Deny the truth of each and every allegation contained in paragraph "92" of the Complaint.

93.     Deny the truth of each and every allegation contained in paragraph "93" of the Complaint.

94.     Deny the truth of each and every allegation contained in paragraph "94" of the Complaint.

## SECOND CAUSE OF ACTION - VIOLATION OF COMPUTER FRAUD
## AND ABUSE ACT 18 U.S.C. § 1030 (a)(4)
### (Defendant Hueber)

95.    Defendant repeats and reiterates each and every response to paragraphs "1" through "94" of the Complaint, as if each were set forth at length herein.

96.    Deny the truth of each and every allegation contained in paragraph "96" of the Complaint.

97.    Deny the truth of each and every allegation contained in paragraph "97" of the Complaint.

98.    Deny the truth of each and every allegation contained in paragraph "98" of the Complaint.

99.    Deny the truth of each and every allegation contained in paragraph "99" of the Complaint.

100.    Deny the truth of each and every allegation contained in paragraph "100" of the Complaint.

## THIRD CAUSE OF ACTION – VIOLATION OF COMPUTER FRAUD
## AND ABUSE ACT 18 U.S.C. § 1030 (a)(5)
### (Defendant Hueber)

101.    Defendant repeats and reiterates each and every response to paragraphs "1" through "100" of the Complaint, as if each were set forth at length herein.

102.    Deny the truth of each and every allegation contained in paragraph "102" of the Complaint.

103.    Deny the truth of each and every allegation contained in paragraph "103" of the Complaint.

11

104.     Deny the truth of each and every allegation contained in paragraph "104" of the Complaint.

105.     Deny the truth of each and every allegation contained in paragraph "105" of the Complaint.

106.     Deny the truth of each and every allegation contained in paragraph "106" of the Complaint.

107.     Deny the truth of each and every allegation contained in paragraph "107" of the Complaint.

### FOURTH CAUSE OF ACTION – BREACH OF CONTRACT
### NON-SOLICITATION AND NON-DISCLOSURE AGREEMENT
### (Defendant Hueber)

108.     Defendant repeats and reiterates each and every response to paragraphs "1" through "107" of the Complaint, as if each were set forth at length herein.

109.     Deny the truth of each and every allegation contained in paragraph "109" of the Complaint.

110.     Deny the truth of each and every allegation contained in paragraph "110" of the Complaint.

111.     Deny the truth of each and every allegation contained in paragraph "111" of the Complaint.

112.     Deny the truth of each and every allegation contained in paragraph "112" of the Complaint.

113.     Deny the truth of each and every allegation contained in paragraph "113" of the Complaint.

114. Deny the truth of each and every allegation contained in paragraph "114" of the Complaint.

115. Deny the truth of each and every allegation contained in paragraph "115" of the Complaint.

### FIFTH CAUSE OF ACTION – BREACH OF DUTY LOYALTY
### (Defendants Hueber)

116. Defendant repeats and reiterates each and every response to paragraphs "1" through "115" of the Complaint, as if each were set forth at length herein.

117. Deny the truth of each and every allegation contained in paragraph "117" of the Complaint.

118. Deny the truth of each and every allegation contained in paragraph "118" of the Complaint.

119. Deny the truth of each and every allegation contained in paragraph "119" of the Complaint.

120. Deny the truth of each and every allegation contained in paragraph "120" of the Complaint.

121. Deny the truth of each and every allegation contained in paragraph "121" of the Complaint.

### SIXTH CAUSE OF ACTION – UNFAIR COMPETITION
### (Defendants Hueber, Kinloch, Genatt and Consulting)

122. Defendant repeats and reiterates each and every response to paragraphs "1" through "121" of the Complaint, as if each were set forth at length herein.

123. Deny the truth of each and every allegation contained in paragraph "123" of the

13

Complaint.

124.    Deny the truth of each and every allegation contained in paragraph "124" of the

Complaint.

125.    Deny the truth of each and every allegation contained in paragraph "125" of the

Complaint.

126.    Deny the truth of each and every allegation contained in paragraph "126" of the

Complaint.

127.    Deny the truth of each and every allegation contained in paragraph "127" of the

Complaint.

## SEVENTH CAUSE OF ACTION - TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (Defendants Kinloch, Genatt and Consulting)

128.    Defendant repeats and reiterates each and every response to paragraphs "1" through

"127" of the Complaint, as if each were set forth at length verbatim herein.

129.    Deny the truth of each and every allegation contained in paragraph "129" of the

Complaint.

130.    Deny the truth of each and every allegation contained in paragraph "130" of the

Complaint.

131.    Deny the truth of each and every allegation contained in paragraph "131" of the

Complaint.

132.    Deny the truth of each and every allegation contained in paragraph "132" of the

Complaint.

14

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

133.    The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

134.    Any damages sustained by Plaintiffs were a result of the acts or omissions of third persons or entities over which the answering Defendants exercised no control.

### AS AND FOR THIRD AFFIRMATIVE DEFENSE

135.    By virtue of their own respective acts, Plaintiffs are estopped from recovering for their alleged damages.

### AS AND FOR FOURTH AFFIRMATIVE DEFENSE

136.    Plaintiffs' complaint must be dismissed pursuant to the doctrines of waiver and ratification.

### AS AND FOR FIFTH AFFIRMATIVE DEFENSE

137.    Plaintiffs have failed to join all necessary parties to this action.

### AS AND FOR SIXTH AFFIRMATIVE DEFENSE

138.    Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

139.    Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

140.    Plaintiffs have failed to mitigate any damages they may have sustained as a result of the matters alleged in the Complaint.

## AS AND FOR NINTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' action may be adequately remedied by monetary damages and, therefore, equitable relief is inappropriate.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' claims have not been stated with particularity and must be dismissed.

## AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

143.    Plaintiffs' action is based purely upon speculation and conjecture and was brought in bad faith.

## AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

144.    The restrictive covenants contained within Sections 2 and 3 of the Non-Solicitation and Non-Disclosure Agreement ("NSDA") are unenforceable.

## AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

145.    The restrictive covenants within the USI Employee Handbook, including policies on Confidential Information and Electronic Information Systems ("EIS"), including Appendix I, are unenforceable.

## AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

146.    The restrictive covenants and policies within the USI Code of Business Conduct are unenforceable.

## AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE

146.    The definition of "Confidential Information" as contained with the NSDA, Employee Handbook, EIS Policy, and USI Code of Business Conduct is overly broad, vague and unenforceable and therefore, does not serve as a proper foundation for Plaintiffs' action.

## AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE

147.    Defendants have not taken, used or disclosed Plaintiffs' confidential information or trade secrets, or improperly solicited Plaintiffs' clients.


**WHEREFORE,** Answering Defendants William J. Hueber, Kinloch Holdings, Inc., Genatt Associates, Inc. and Kinloch Consulting Group, Inc., demand judgment dismissing the Complaint on all causes of action, together with attorneys fees and the costs and disbursements of this action.


Dated: New York, New York
        May 27, 2008

                                    FENSTERSTOCK & PARTNERS LLP

                        By:    _Blair C. Fensterstock_____
                               Blair C. Fensterstock
                               Jeanne M. Valentine

                               30 Wall Street, 9th Floor
                               New York, New York 10005
                               Telephone:  (212) 785-4100

                               *Attorneys for Defendants William J. Hueber,*
                               *Kinloch Holdings, Inc., Genatt Associates,*
                               *Inc. and Kinloch Consulting Group, Inc.*