UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PROGRESSIVE PLAN ADMINISTRATORS, INC., and
USI INSURANCE SERVICES LLC,                                    Docket No. 08-CV-2488 (AKH)(KNF)

                  Plaintiffs,                       **SECOND AMENDED ANSWER**

    v.

WILLIAM J. HUEBER, KINLOCH HOLDINGS, INC.,                     ECF Case
GENATT ASSOCIATES, INC., KINLOCH
CONSULTING GROUP, INC., and KINLOCH
PARTNERS, INC.,                                               **Jury Demanded**

                  Defendants.
-------------------------------------------------------------------x

## ANSWER

    Defendants William J. Hueber, Kinloch Holdings, Inc., Genatt Associates, Inc., Kinloch

Consulting Group, Inc., and Kinloch Partners, Inc., by their attorneys Fensterstock & Partners LLP,

as and for their Answer to Plaintiffs' Amended Complaint, respond as follows:

### NATURE OF THE ACTION

    1.    Deny the truth of each and every allegation contained in paragraph "1" of the

Amended Complaint.

### PARTIES

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Amended Complaint.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Amended Complaint.

    4.    Deny the truth of each and every allegation contained in paragraph "4" of the

Amended Complaint, except admit that Hueber is a resident of West Islip, is a former employee of

USI Insurance Services LLP, and is now an employee of Kinloch Consulting Group.

5.    Admit the allegations contained in paragraph "5" of the Amended Complaint.

6.    Admit the allegations contained in paragraph "6" of the Amended Complaint.

7.    Admit the allegations contained in paragraph "7" of the Amended Complaint.

8.    Admit the allegations contained in paragraph "8" of the Amended Complaint.

## JURISDICTION AND VENUE

9.    Deny the truth of each and every allegation contained in paragraph "9" of the Amended Complaint and respectfully refer all questions of law to the Court.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint and respectfully refer all questions of law to the Court.

11.    Deny the truth of each and every allegation contained in paragraph "11" of the Amended Complaint and respectfully refer all questions of law to the Court.

## FACTUAL BACKGROUND

**The Business of USI Companies**

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Amended Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint.

**The Role of Producers**

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint.

2

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint.

16.    Deny the truth of each and every allegation contained in paragraph "16" of the Amended Complaint and respectfully refer all questions of law to the Court.

**Hueber Employment with USI**

17.    Admit the allegations contained in paragraph "17" of the Amended Complaint.

18.    Deny the truth of each and every allegation contained in paragraph "18" of the Amended Complaint.

19.    Deny the truth of each and every allegation contained in paragraph "19" of the Amended Complaint and allow the contents of the document to speak for itself.

20.    Deny the truth of each and every allegation contained in paragraph "20" of the Amended Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

21.    Deny the truth of each and every allegation contained in paragraph "21" of the Amended Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

22.    Deny the truth of each and every allegation contained in paragraph "22" of the Amended Complaint and allow the contents of the document to speak for itself.

23.    Deny the truth of each and every allegation contained in paragraph "23" of the Amended Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

24.    Deny the truth of each and every allegation contained in paragraph "24" of the

3

Amended Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

25.    Deny the truth of each and every allegation contained in paragraph "25" of the Amended Complaint and allow the contents of the document to speak for itself and respectfully refer all questions of law to the Court.

26.    Deny the truth of each and every allegation contained in paragraph "26" of the Amended Complaint and respectfully refer all questions of law to the Court.

27.    Deny the truth of each and every allegation contained in paragraph "27" of the Amended Complaint, except admit that Hueber was an at-will employee and respectfully refer all questions of law to the Court.

28.    Deny the truth of each and every allegation contained in paragraph "28" of the Amended Complaint and allow the contents of the document to speak for itself.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint, and respectfully refer all questions of law to the Court.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint, and respectfully refer all questions of law to the Court.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint, and respectfully refer all questions of law to the Court.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the

4

allegations contained in paragraph "32" of the Amended Complaint, and respectfully refer all questions of law to the Court.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Amended Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Amended Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Amended Complaint.

39.     Deny the truth of each and every allegation contained in paragraph "39" of the Amended Complaint and respectfully refer all questions of law to the Court.

40.     Deny the truth of each and every allegation contained in paragraph "40" of the Amended Complaint.

**Hueber Termination of Employment with USI**

41.     Deny the truth of each and every allegation contained in paragraph "41" of the Amended Complaint, except admit that on July 5, 2007, Hueber submitted a letter of voluntary resignation.

5

42.    Admit the allegations contained in paragraph "42" of the Amended Complaint.

43.    Admit the allegations contained in paragraph "43" of the Amended Complaint.

44.    Deny the truth of each and every allegation contained in paragraph "44" of the Amended Complaint.

45.    Deny the truth of each and every allegation contained in paragraph "45" of the Amended Complaint.

**Hueber Illegal Activities at USI Prior to Termination of Employment**

46.    Deny the truth of each and every allegation contained in paragraph "46" of the Amended Complaint.

47.    Deny the truth of each and every allegation contained in paragraph "47" of the Amended Complaint.

48.    Deny the truth of each and every allegation contained in paragraph "48" of the Amended Complaint.

49.    Deny the truth of each and every allegation contained in paragraph "49" of the Amended Complaint.

**USI Engages Vendor for Technical Assistance and Analysis**

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Amended Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint.

6

53.    Deny the truth of each and every allegation contained in paragraph "53" of the Amended Complaint.

54.    Deny the truth of each and every allegation contained in paragraph "54" of the Amended Complaint.

55.    Deny the truth of each and every allegation contained in paragraph "55" of the Amended Complaint.

56.    Deny the truth of each and every allegation contained in paragraph "56" of the Amended Complaint.

57.    Deny the truth of each and every allegation contained in paragraph "57" of the Amended Complaint.

58.    Deny the truth of each and every allegation contained in paragraph "58" of the Amended Complaint.

59.    Deny the truth of each and every allegation contained in paragraph "59" of the Amended Complaint.

60.    Deny the truth of each and every allegation contained in paragraph "60" of the Amended Complaint.

61.    Deny the truth of each and every allegation contained in paragraph "61" of the Amended Complaint.

62.    Deny the truth of each and every allegation contained in paragraph "62" of the Amended Complaint.

63.    Deny the truth of each and every allegation contained in paragraph "63" of the Amended Complaint.

64.    Deny the truth of each and every allegation contained in paragraph "64" of the Amended Complaint.

65.    Deny the truth of each and every allegation contained in paragraph "65" of the Amended Complaint.

66.    Deny the truth of each and every allegation contained in paragraph "66" of the Amended Complaint.

67.    Deny the truth of each and every allegation contained in paragraph "67" of the Amended Complaint.

68.    Deny the truth of each and every allegation contained in paragraph "68" of the Amended Complaint.

**USI's Communications with Hueber about his Post-Employment Obligations**

69.    Deny the truth of each and every allegation contained in paragraph "69" of the Amended Complaint, except admit that Holland & Knight LLP sent a letter to Hueber dated August 13, 2007.

70.    Admit the allegations contained in paragraph "70" of the Amended Complaint.

71.    Deny the truth of each and every allegation contained in paragraph "71" of the Amended Complaint, except admit that Holland & Knight LLP sent a letter to Hueber dated September 13, 2007.

72.    Deny the truth of each and every allegation contained in paragraph "72" of the Amended Complaint, except admit that Hueber sent a letter dated October 25, 2007.

73.    Deny the truth of each and every allegation contained in paragraph "73" of the Amended Complaint, except admit that Holland & Knight LLP wrote a letter to Hueber dated

November 16, 2007.

74.    Admit the allegations contained in paragraph "74" of the Amended Complaint.

75.    Deny the truth of each and every allegation contained in paragraph "75" of the Amended Complaint, except admit Holland & Knight LLP sent a letter to Hueber dated January 8, 2008.

**Hueber Breached the Non-Solicitation and Non-Disclosure Agreement**

76.    Deny the truth of each and every allegation contained in paragraph "76" of the Amended Complaint, except admit that Hueber resigned from his position at USI.

77.    Admit the allegations contained in paragraph "77" of the Amended Complaint.

78.    Deny the truth of each and every allegation contained in paragraph "78" of the Amended Complaint.

79.    Deny the truth of each and every allegation contained in paragraph "79" of the Amended Complaint, except admit that Hueber provided services to Radian.

80.    Deny the truth of each and every allegation contained in paragraph "80" of the Amended Complaint.

81.    Deny the truth of each and every allegation contained in paragraph "81" of the Amended Complaint, except admit that Hueber provided services to ABC Home Furnishings.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint.

83.    Admit the allegations contained in paragraph "83" of the Amended Complaint.

84.    Admit the allegations contained in paragraph "84" of the Amended Complaint.

85.    Deny the truth of each and every allegation contained in paragraph "85" of the

Amended Complaint.

86.    Deny the truth of each and every allegation contained in paragraph "86" of the Amended Complaint.

87.    Deny the truth of each and every allegation contained in paragraph "87" of the Amended Complaint, except admit that Hueber provided services to ABC Carpet & Home.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Amended Complaint.

89.    Deny the truth of each and every allegation contained in paragraph "89" of the Amended Complaint, except admit that Consulting became the new broker of record for ABC Carpet effective February 1, 2008 for the following policies: Lincoln Financial Group (life & accidental death and dismemberment), The Hartford (voluntary life), and Unum (voluntary long term disability and voluntary short term disability).

90.    Deny the truth of each and every allegation contained in paragraph "90" of the Amended Complaint.

91.    Deny the truth of each and every allegation contained in paragraph "91" of the Amended Complaint.

92.    Deny the truth of each and every allegation contained in paragraph "92" of the Amended Complaint.

93.    Deny the truth of each and every allegation contained in paragraph "93" of the Amended Complaint.

94.    Deny the truth of each and every allegation contained in paragraph "94" of the Amended Complaint.

95.     Deny the truth of each and every allegation contained in paragraph "95" of the Amended Complaint.

## FIRST CAUSE OF ACTION - VIOLATION OF COMPUTER FRAUD
## AND ABUSE ACT 18 U.S.C. § 1030 (A)(2)©
### (Defendant Hueber)

96.     Defendant repeats and reiterates each and every response to paragraphs "1" through "95" of the Amended Complaint, as if each were set forth at length herein.

97.     Deny the truth of each and every allegation contained in paragraph "97" of the Amended Complaint.

98.     Deny the truth of each and every allegation contained in paragraph "98" of the Amended Complaint.

99.     Deny the truth of each and every allegation contained in paragraph "99" of the Amended Complaint.

100.    Deny the truth of each and every allegation contained in paragraph "100" of the Amended Complaint.

101.    Deny the truth of each and every allegation contained in paragraph "101" of the Amended Complaint.

102.    Deny the truth of each and every allegation contained in paragraph "102" of the Amended Complaint.

## SECOND CAUSE OF ACTION - VIOLATION OF COMPUTER FRAUD
## AND ABUSE ACT 18 U.S.C. § 1030 (a)(4)
### (Defendant Hueber)

103.    Defendant repeats and reiterates each and every response to paragraphs "1" through "102" of the Amended Complaint, as if each were set forth at length herein.

104.   Deny the truth of each and every allegation contained in paragraph "104" of the Amended Complaint.

105.   Deny the truth of each and every allegation contained in paragraph "105" of the Amended Complaint.

106.   Deny the truth of each and every allegation contained in paragraph "106" of the Amended Complaint.

107.   Deny the truth of each and every allegation contained in paragraph "107" of the Amended Complaint.

108.   Deny the truth of each and every allegation contained in paragraph "108" of the Amended Complaint.

### THIRD CAUSE OF ACTION – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § 1030 (a)(5) (Defendant Hueber)

109.   Defendant repeats and reiterates each and every response to paragraphs "1" through "108" of the Amended Complaint, as if each were set forth at length herein.

110.   Deny the truth of each and every allegation contained in paragraph "110" of the Amended Complaint.

111.   Deny the truth of each and every allegation contained in paragraph "111" of the Amended Complaint.

112.   Deny the truth of each and every allegation contained in paragraph "112" of the Amended Complaint.

113.   Deny the truth of each and every allegation contained in paragraph "113" of the Amended Complaint.

114.    Deny the truth of each and every allegation contained in paragraph "114" of the Amended Complaint.

115.    Deny the truth of each and every allegation contained in paragraph "115" of the Amended Complaint.

### FOURTH CAUSE OF ACTION – BREACH OF CONTRACT
### NON-SOLICITATION AND NON-DISCLOSURE AGREEMENT
### (Defendant Hueber)

116.    Defendant repeats and reiterates each and every response to paragraphs "1" through "115" of the Amended Complaint, as if each were set forth at length herein.

117.    Deny the truth of each and every allegation contained in paragraph "117" of the Amended Complaint.

118.    Deny the truth of each and every allegation contained in paragraph "118" of the Amended Complaint.

119.    Deny the truth of each and every allegation contained in paragraph "119" of the Amended Complaint.

120.    Deny the truth of each and every allegation contained in paragraph "120" of the Amended Complaint.

121.    Deny the truth of each and every allegation contained in paragraph "121" of the Amended Complaint.

122.    Deny the truth of each and every allegation contained in paragraph "122" of the Amended Complaint.

123.    Deny the truth of each and every allegation contained in paragraph "123" of the Amended Complaint.

## FIFTH CAUSE OF ACTION – BREACH OF DUTY LOYALTY
### (Defendants Hueber)

124.    Defendant repeats and reiterates each and every response to paragraphs "1" through "123" of the Amended Complaint, as if each were set forth at length herein.

125.    Deny the truth of each and every allegation contained in paragraph "125" of the Amended Complaint.

126.    Deny the truth of each and every allegation contained in paragraph "126" of the Amended Complaint.

127.    Deny the truth of each and every allegation contained in paragraph "127" of the Amended Complaint.

128.    Deny the truth of each and every allegation contained in paragraph "128" of the Amended Complaint.

129.    Deny the truth of each and every allegation contained in paragraph "129" of the Amended Complaint.

## SIXTH CAUSE OF ACTION – UNFAIR COMPETITION
### (Defendants Hueber, Kinloch, Genatt, Consulting and Partners)

130.    Defendant repeats and reiterates each and every response to paragraphs "1" through "129" of the Amended Complaint, as if each were set forth at length herein.

131.    Deny the truth of each and every allegation contained in paragraph "131" of the Amended Complaint.

132.    Deny the truth of each and every allegation contained in paragraph "132" of the Amended Complaint.

133.    Deny the truth of each and every allegation contained in paragraph "133" of the

Amended Complaint.

134.    Deny the truth of each and every allegation contained in paragraph "134" of the Amended Complaint.

135.    Deny the truth of each and every allegation contained in paragraph "135" of the Amended Complaint.

## SEVENTH CAUSE OF ACTION - TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (Defendants Kinloch, Genatt, Consulting and Partners)

136.    Defendant repeats and reiterates each and every response to paragraphs "1" through "135" of the Amended Complaint, as if each were set forth at length verbatim herein.

137.    Deny the truth of each and every allegation contained in paragraph "137" of the Amended Complaint.

138.    Deny the truth of each and every allegation contained in paragraph "138" of the Amended Complaint.

139.    Deny the truth of each and every allegation contained in paragraph "139" of the Amended Complaint.

132.    Deny the truth of each and every allegation contained in paragraph "140" of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

133.    The Amended Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

134.    Any damages sustained by Plaintiffs were a result of the acts or omissions of third persons or entities over which the answering Defendants exercised no control.

### AS AND FOR THIRD AFFIRMATIVE DEFENSE

135.    By virtue of their own respective acts, Plaintiffs are estopped from recovering for their alleged damages.

### AS AND FOR FOURTH AFFIRMATIVE DEFENSE

136.    Plaintiffs' Amended Complaint must be dismissed pursuant to the doctrines of waiver and ratification.

### AS AND FOR FIFTH AFFIRMATIVE DEFENSE

137.    Plaintiffs have failed to join all necessary parties to this action.

### AS AND FOR SIXTH AFFIRMATIVE DEFENSE

138.    Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

139.    Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

140.    Plaintiffs have failed to mitigate any damages they may have sustained as a result of the matters alleged in the Amended Complaint.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' action may be adequately remedied by monetary damages and, therefore, equitable relief is inappropriate.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' claims have not been stated with particularity and must be dismissed.

## AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

143.    Plaintiffs' action is based purely upon speculation and conjecture and was brought in bad faith.

## AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

144.    The restrictive covenants contained within Sections 2 and 3 of the Non-Solicitation and Non-Disclosure Agreement ("NSDA") are unenforceable.

## AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

145.    The restrictive covenants within the USI Employee Handbook, including policies on Confidential Information and Electronic Information Systems ("EIS"), including Appendix I, are unenforceable.

## AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

146.    The restrictive covenants and policies within the USI Code of Business Conduct are unenforceable.

## AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE

146.    The definition of "Confidential Information" as contained with the NSDA, Employee Handbook, EIS Policy, and USI Code of Business Conduct is overly broad, vague and unenforceable and therefore, does not serve as a proper foundation for Plaintiffs' action.

147. Defendants have not taken, used or disclosed Plaintiffs' confidential information or trade secrets, or improperly solicited Plaintiffs' clients.

**WHEREFORE**, Answering Defendants William J. Hueber, Kinloch Holdings, Inc., Genatt Associates, Inc., Kinloch Consulting Group, Inc., and Kinloch Partners, Inc., demand judgment dismissing the Amended Complaint on all causes of action, together with attorneys fees and the costs and disbursements of this action.

Dated: New York, New York
       July 3, 2008

                                        FENSTERSTOCK & PARTNERS LLP

                              By:       _Blair C. Fensterstock_
                                        Blair C. Fensterstock
                                        Jeanne M. Valentine

                                        30 Wall Street, 9th Floor
                                        New York, New York 10005
                                        Telephone: (212) 785-4100

                                        *Attorneys for Defendants*

*Index No.* 08 Civ. 2488 (AKH)(KNF) *Year 20*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROGRESSIVE PLAN ADMINISTRATORS, INC.,
and USI INSURANCE SERVICES LLC,

Plaintiffs,

v.

WILLIAM J. HUEBER, KINLOCH HOLDINGS, INC.,
GENATT ASSOCIATES, INC., and KINLOCH
CONSULTING GROUP, INC.,

Defendants.

SECOND AMENDED ANSWER

FENSTERSTOCK & PARTNERS LLP

*Attorney(s) for* Defendants

30 WALL STREET
NEW YORK, NY 10005-2201
(212) 785-4100

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ............................    Signature.............................

Print Signer's Name.............................

*Service of a copy of the within*                                           *is hereby admitted.*

*Dated:*

*Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
*that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on*                    20

☐ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the
Hon.                               one of the judges of the within named Court,
at
on*                    20    *, at*                    *M.*

*Dated:*

FENSTERSTOCK & PARTNERS LLP

*Attorney(s) for*

30 WALL STREET
NEW YORK, NY 10005-2201
(212) 785-4100

*To:*