UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
PROGRESSIVE PLAN ADMINISTRATORS, INC., :
and USI INSURANCE SERVICES LLC,        :
                                       :   Case No. 08-CV-2488 (AKH)(KNF)
                Plaintiffs,            :
                                       :
        v.                             :
                                       :   **CONFIDENTIALITY**
WILLIAM J. HUEBER, KINLOCH HOLDINGS,   :   **AGREEMENT**
INC., GENATT ASSOCIATES, INC., KINLOCH :
CONSULTING GROUP, INC., and KINLOCH    :
PARTNERS, INC.,                        :
                                       :
                Defendants.            :
------------------------------------- X

[USDC SDNY / DOCUMENT ELECTRONICALLY FILED / DOC #: / DATE FILED: 8/7/08]

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel to the parties hereto, as follows:

1.  This Confidentiality Agreement and Protective Order ("Order") governs the handling of all documents, testimony, and other information, including all copies, excerpts, and summaries thereof (collectively, "Material"), that are produced in this action.

2.  The term "Designating Party" as used herein shall mean the person who produces the Material. The Designating Party shall have the right to designate any Material as "confidential" to the extent that it believes in good faith that such Material constitutes, contains or would disclose non-public, confidential, proprietary business information, trade secrets, financial information of an individual (including but not limited to social security numbers, dates of birth, tax returns, bank records, financial institution, and accounting records), or other sensitive business, commercial or financial information that is otherwise not publicly available

1

and the confidentiality of which is either competitively significant or protective of personal privacy ("Confidential Material").

3. The restrictions and obligations set forth herein relating to Confidential Material shall not apply to any information that: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Order; or (c) has come, or shall come, into a Receiving Party's legitimate possession from sources other than the Designating Party, provided the Receiving Party is not aware that the information was obtained in violation of any order or confidentiality agreement applicable to the Material.

4. Confidential Material shall be designated by placing the legend "CONFIDENTIAL" on each page of such documents as is considered confidential in accordance with paragraph 2 prior to production. If the document is not in paper form, the Designating Party shall use other such reasonable means as necessary to identify clearly the document or information intended to be designated as "confidential."

5. ~~All pleadings, motions, or other papers filed with the Court that contain or refer to Confidential Material shall be filed and kept under seal until further order of the Court. At the time of filing, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and a description of the contents. The envelope shall also bear the following legend:~~

~~CONFIDENTIAL
This envelope contains documents that are subject to an order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.~~

[handwritten marginalia: "see Individual R.4"]

6. If any party objects to the designation of any Material as Confidential Material,

2

such party shall state all objections in a letter to counsel for the Designating Party. The parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved promptly by agreement, the parties shall cooperate in jointly and promptly submitting the dispute to the Court for resolution. If the parties cannot resolve their objections within ten (10) business days, any party shall be free to seek the assistance of the Court. Until an objection has been resolved by agreement of counsel or by the Court, the Material shall be treated as Confidential Material and subject to this Order.

  7. Confidential Material shall be used only in this action and not for any other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except:

  a. counsel of record and attorneys, paralegals, and other support staff employed by such counsel;

  b. the parties in this action, including officers, directors, and employees deemed necessary to aid counsel in conducting this action;

  c. outside attorneys who are retained by a receiving party, who are assisting in connection with this action, and who are actually performing services directly related to this action;

  d. witnesses (and their counsel) at any deposition or trial in this action, or in preparation for such deposition, trial, or evidentiary hearing;

  e. stenographers employed in connection with this action;

  f. experts or consultants (and employees of such experts or consultants) retained or consulted in this action;

  g. authors, recipients, and/or individuals shown as copies on any Confidential Material; and

  h. such other persons not covered above as agreed to in writing by the parties or as determined by the Court after notice and hearing to the parties.

  8. Each person, excluding counsel of record, being given access to Confidential

3

Material pursuant to Paragraph 7, shall be advised that: (a) the Confidential Material is being disclosed pursuant to, and subject to, the terms of this Order and may not be disclosed other than pursuant to the terms hereof; and (b) the violation of the terms of the Order may subject them to a finding of contempt of Court and appropriate penalties as determined by the Court; and (c) as to anyone referred to in paragraphs 7 c, d, f, and g, shall be required to read this CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER and acknowledge to be bound by its terms by signing a Confidentiality Certificate, in the form as set forth immediately below.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
PROGRESSIVE PLAN ADMINISTRATORS, INC., :
and USI INSURANCE SERVICES LLC,        :
                                        :   Case No. 08-CV-2488 (AKH)(KNF)
            Plaintiffs,                 :
                                        :
      v.                                :
                                        :   CONFIDENTIALITY
WILLIAM J. HUEBER, KINLOCH HOLDINGS,   :   CERTIFICATE
INC., GENATT ASSOCIATES, INC., KINLOCH :
CONSULTING GROUP, INC., and KINLOCH    :
PARTNERS, INC.,                         :
                                        :
            Defendants.                 :
------------------------------------- X

    I certify my understanding that access to Confidential Material is provided to me pursuant to the terms and restrictions of a **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** ("Confidentiality Order") among the parties to this action, dated _____, 2008, and that I have been given a copy of, and have read, the Confidentiality Order and agree to be bound by its terms. I understand that the contents of the Confidential Material (as defined in the Confidentiality Order) and any notes or other memoranda or any other forms of information that disclose Confidential Material, shall not be disclosed to anyone other than in accordance with the Confidentiality Order and shall be used only for the purposes set forth therein. I agree to be subject to the personal and subject matter jurisdiction of the Supreme

Court of the State of New York, Westchester County, for purposes of enforcement of this Confidentiality Certificate and the Confidentiality Order.

> By: _____
>
> Title: _____
>
> Representing: _____
>
> Date: _____

9. In the event that any person not named in Paragraph 7 requests the disclosure of Confidential Material, the person receiving such request (the "Receiving Party") shall give notice in writing to counsel for the Designating Party immediately. It shall be the obligation of the Designating Party to obtain an order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party advises the Receiving Party within five (5) business days that it intends to promptly move for such an order, the Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion is resolved or until otherwise directed to do so by the Court.

10. This Order shall survive and continue to be binding after the conclusion of this Action. Upon final termination of this litigation (including all appeals), each party or other person subject to the terms hereof shall be under an obligation to either return Confidential Material to the originating source or to destroy the Confidential Material, as determined by the Designating Party, and to provide written certification that they have returned or destroyed all Confidential Material, including all copies. *[handwritten:]* Exhibits to court documents & submissions to court shall be retained *[initialed: AKH]*

11. If, at any time after producing a document or information, the Designating Party determines that certain Material should have been designated as "Confidential," the Designating Party shall promptly provide a replacement copy of the Material bearing a "Confidential" designation to the Receiving Party, at which time the Material will be deemed "Confidential." The Receiving Party shall promptly return the undesignated Material (and all copies thereof), unless previously incorporated into documents and reports, to the Designating Party after receiving the replacement copy. Where the undesignated Material subsequently designated "Confidential" has been previously incorporated into another document or report, the portion of the report or document incorporating such material need not be returned but shall be designated "Confidential" or otherwise placed under seal in accordance with this Order.

12. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery. If, after producing a document or information, a Designating Party discovers that certain Material was properly subject to protection under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, the Designating Party shall provide written notice to the Receiving Party. The Receiving Party shall immediately return the Material to the Designating Party, but may reserve the right to challenge the assertion of the privilege on waiver or other ground; provided that if the Receiving Party expects in good faith to challenge the assertion of privilege, the Receiving Party may retain the Material and use it solely for purposes of presenting its challenge until the Court rules on its challenge.

13. This Order may be modified by agreement of the affected parties without further order of the Court.

Dated: _August 4_, 2008

FENSTERSTOCK & PARTNERS LLP

By: _/s/_
Blair C. Fensterstock
Jeanne M. Valentine
30 Wall Street, 9th Floor
New York, New York 10005
Telephone: (212) 785-4100
*Attorneys for Defendants*

HOLLAND & KNIGHT LLP

By: _/s/_
Frederick D. Braid
Colleen A. Sorrell
195 Broadway, 24th Floor
New York, New York 10007-3189
(212) 513-3200
*Attorneys for Plaintiffs*

SO ORDERED, as modified.

_/s/_
Hon. Alvin K. Hellerstein     8-6-08

# 5452813_v1

7